UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CASE # 2020cv00800
Austin v. Tesla, et. al.



1  PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER WITH EQUITABLE RELIEF

2  Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure and Local Rule 231, Plaintiff George J. Austin, esq. (TBA), hereby

3  applies to this Court for a temporary restraining order ("TRO"), and thereafter Preliminary Injunction to apply to defendants, and all

4  persons acting on their behalf (including the Employment Development Department [EDD]).  To prevent further irreparable injury, and

5  violations of Section 303(a)(1) of the Social Security Act, 49 Stat. 626, as amended, 42 U.S.C. 503(a)(1), CA Labor Code Section 212,

6  Unemployment Insurance Code Section 1329.5, Labor Code Section 206, and the holdings Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011

7  25 L.Ed.2d 287 (1970) as well as California Department of Human Resources Development et al., Appellants, v. Judith JAVA ,402 U.S.

8  121 (91 S.Ct. 1347, 28 L.Ed.2d 666), Plaintiff requests a TRO, and preliminary injunction.  The application for TRO in compliance with:

9  UIC section 1329.5 which states "For purposes of a claim for unemployment benefits and PI  are: a) to issue a stop order and re-issue of

10 payroll checks already made out to me, George J. Austin, but not received, b) in accord with Section 1326 of Unemployment Insurance

11 Code (UIC) Claims "... the department shall promptly pay benefits if it finds the claimant is eligible" and thus immediate payment of

12 EDD funds to Plaintiff for use (already a month certified, but not yet received), that have been artificially stopped from being received

13 (a further example of retaliation), and c) correction of the rate utilized by EDD with full recognition of income (boh sets of checks), and

14 the appropriate formula in …. Computation using the 'last four' completed calendar quarters shall be based on available wage

15 information processed as of the close of business on the day preceding the date of application."  At present they are using the wrong rate,

16 wrong quarterly computation, wrong input amounts, and other errors according to Statute.  The context, Prima Facie case(s), cause(s) of

17 action, and violations of law by these companies demonstrate the necessity and urgency of granting relief of this matter.

18                    Context: Prima Facie Cases, and Causes of Action.

19   1. Prima Facie Defamation Per Se (in the workplace) is a) lie b) that causes damages to one's reputation, and c)  is so damaging on

20 their face the harm is assumed.  Examples of lies so damaging on their face that they would be classified as Defamation Per Se  include a)

21 assertion of someone's criminal activity b) assertion of someone being incompetent to their role, c) a lie designed to cause one to get

22 negative action in the workplace against them, including demotion or wrongfully terminated.  In this case a) and c) are both applicable.

23 The lie a) was that I recorded a supervisor against California Code which was also a proximate cause of negative actions which appears to

24 have resulted in wrongful termination (which I have yet to receive in writing, but have multiple copies recorded, and transcribed).  What

25 makes it worse (beyond the lie itself) is that it was not even investigated to see the veracity of the statement, or integrity of person.

26 There is no evidence, because it's untrue, but they didn't even check to see if there was.  Even more reprehensible is the entire

27 Company (Tesla) has been sued, and lost, for this exact behavior on employees ""On April 19, 2017, Tesla factory workers filed unfair

28 labor practice charges with the National Labor Relations Board, alleging that Tesla uses "illegal surveillance, coercion, intimidation and

prevention of worker communications [...] in an effort to prevent or otherwise hinder unionization of the Fremont factory." (see National Labor Relations Board charges, and ruling).

2. Prima Facie Wage Claim The Equal Pay Act and Wage Theft Prevention Acts are designed to ensure everyone regardless of protected class status is paid fairly, and equally, for their work. Accordingly, if you a) were not paid equally, or accordingly, and b) you are in a protected category (in this case male and female), then you can utilize this statute. Prima Facie Wage Claim a) disparity in pay from what should have, and what was paid b) in a protected category (in this case both men and women, although the historical concern is women due to the legacy of gender disrimination in pay). During the time period between 7/22/19-1/14/20, I've had checks made out to me over during the pre-Revolutionary period on observance of regular legal order. The requirement that government function in accord with law approx. $45,000, gross, yet I only received less than half (disparity) b) I am in a protected category, and thus eligible under Wage Claim.

3. Prima Facie Whistle-blower Claim. To be considered a whistleblower in the United States, most federal whistleblower statutes require that employees have reason to believe their employer violated some law, rule, or regulation; testify or commence a legal proceeding on the legally protected matter; or refuse to violate the law. Primae Facie Whistleblower Claim a) be classified as a whistle blower via classify one as a whistleblower and c) have negative action based on appropriately responding, including but not limited to demotion, or wrongful termination. Plaintiff recognized what appeared to be discrepancy, and through seeking correction of those errors, violation(s) of the Wage/Paylaws, and other laws, and reporting up the chain of company command, had negative action including Defamation Per Se, for extrinsic evidence to explain the statement's defamatory nature by actually facilitating further abuses of this statue by defendants and Wrongful Termination enacted on him in retaliation.

4. Prima Facie Civil Conspiracy. A civil conspiracy or collusion is an agreement between two, or more, parties to deprive a third party of legal rights or deceive a third party to obtain an illegal objective. A conspiracy may also refer to a group of people who make an agreement to form a partnership in which each member becomes the agent or partner of every other member and engage in planning or agreeing to commit some act. It is not necessary that the conspirators be involved in all stages of planning or be aware of all details. Any voluntary agreement and some overt act by one conspirator in furtherance of the plan are the main elements necessary to prove a conspiracy. A conspiracy may exist whether legal means are used to accomplish illegal results, or illegal means used to accomplish the illegal act to demonstrate the reality of their intention to break the law, whereas in a civil conspiracy, an overt act towards accomplishing the wrongful goal may not be required. According to the American Bar - Civil conspiracy claims are a powerful tool for plaintiffs, particularly consumer plaintiffs. A successful civil conspiracy claim permits recovery from every participant in a wrongful act, regardless of whether or not that participant was a direct perpetrator of the act. Here three companies, and several of their agents (including now the EDD), acted in concert, and agreement, through a variety of overt action (including lying, and defamation per se) to

deprive plaintiff of rights in violation of multiple Federal and State laws.

5. Prima Facie Wrongful Termination (via protected activity/whistleblowing). To establish a prima facie whistle blowing wrongful termination case, an employee must establish that: 1) he was a member of a protected class or engaged in protected activities (i.e. whistleblowing) 2) he was performing competently in the position he held: 3) he suffered an adverse employment action, such as demotion, or termination; and 4) "some other circumstance that suggests retaliatory motive." See Monavian v. Department of Justice (29108) 28 Cal.App.5th 1127, 2241. See McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Plaintiff engaged in protected activities, whistle-blowing, was performing competently in the position, suffered an adverse employment action, wrongful termination in in retaliation to that protected activity.

Immediate Relief: Preliminary Injunction (PIs) and Temporary Restraining Orders (TROs)

a) Immediate Stop Order and Reissue of Payroll Checks. In compliance with CA Labor Code Sections 206, 212, Section 213 In case of a dispute over wages between an employer and employee, the employer must timely pay, without condition, all wages, or parts thereof, "conceded" by him to be due to the employee, leaving to the employee all remedies he might otherwise be entitled to as to any balance claimed. The employer may retain the disputed amount until the matter is resolved see CA Labor Code Section 206. Some of the ways an employer concedes wages due to a particular employee is by writing an employee a check, with a unique check #, including his Social Security number, mailing address, and other unique identifiers. If the employee does not receive the check, and gives notice to the employer of non-receipt it is the employer's duty to reissue the check and get to the employee. If someone stole the check that is the employer's, it is the employer's and law enforcemnt's responsibility to prosecute the wrongdoer, while correcting their mistake to the employee , once notice has been made that the payment was never received by the employee. According to Code the employee is not paid until they have received payment. In this instance there are multiple checks (see previously attached) made out to employees, with all unique identifiers, yet not received by him, and employer given notice. Thus, checks need to be stopped, cancelled (if stolen, and used, prosecuted), and reissued to the rightful owner, George J. Austin, for pick-up only. Pursuant to Rule 45(D) "Command to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials," Plaintiff also applies for a Civil Subpoena on the financial records of the accounts for each unique check written (with distinguishing check #s for tracking purposes), and the accounts they were deposited into so they too can be held accountable, both civilly (and if criminally, as necessitated). See attached Sheriff report (Exhibit A).

b) Immediate Payment of EDD funds, and eliminate artificial blockage. Plaintiff also requests for a preliminary injunction to require immediate payment of funds, over a month late, which have already been certified, but held up by EDD or Tesla,Balance, and MVP, or all. Further, either the Balance, MVP, and Tesla companies have perjured themselves or EDD has been less than honest, or both

1  simultaneously, as only half of the checks made out to me during the period of time have been recognized. In compliance with

2  Section 303(a)(1) of the Social Security Act, 49 Stat. 626, as amended, 42 U.S.C. 503(a)(1), Unemployment Insurance Code Section

3  1329.5, Labor Code Section 206, and the holdings of Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970) as well

4  as California Department of Human Resources Development et al., Appellants, v. Judith JAVA ,402 U.S. 121 (91 S.Ct. 1347, 28

5  L.Ed.2d 666), Plaintiff request the court grant immediate relief of the irreparable harm already being done by the companies fraudulent

6  behavior (i.e. Defamation Per Se, Wage Theft, Wrongful Termination, Civil Conspiracy, etc.), and magnified with this unnecessary,

7  and harmful, hindrance to funds I'm entitled to via Federal & State Code sections, and Case law. In violation of section Section 303(a)(1)

8  of the Social Security Act, and principles and the holding articulated in Goldberg v. Kelly, and California Department of Human Services

9  v. Java, it is illegal to withhold funds from claimants without cause. According to Section 303(a)(1) of the Social Security Act,49 Stat.

10  626, as amended, 42 U.S.C. 503(a)(1), provides that benefits must be paid 'when due.' According to the Court in California Department

11  of Human Services v. Java The practice of withholding and delaying is in violation of constitutional and statutory grounds... [and]

12  constitutes a denial of procedural due process. See Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). See also

13  CALIFORNIA DEPARTMENT OF HUMAN RESOURCES DEVELOPMENT et al., Appellants, v. Judith JAVA et al.,402 U.S. 121

14  (91 S.Ct. 1347, 28 L.Ed.2d 666). The Court in JAVA, further held that a median seven-week delay in payments to claimants who have

15  been found eligible for benefits, constituted a failure to pay unemployment compensation 'when due' within the meaning of § 303(a)(1)

16  of the Social Security Act. The Court granted appellees' motion for a preliminary injunction, ordering the State of California to pay

17  benefits. Similarly, a violation occurs when, already certified and, artificially held for four weeks without any reason to delay. This is

18  not only a violation of "when due," according to the Social Security Act, but fundamentally due process, too, as the Supreme Court ruled.

19  As payments from EDD in accord with the policy intention of the service, and especially given the target audience [i.e. those recently

20  lacking income], should be made as soon as possible in the public interest, and in accord with policy goals.

21  c) Correction of the rate utilized by EDD with full (and complete) recognition of income. The current rate EDD is using is In violation

22  of Unemployment Insurance Code, and the formula it prescribes in section 1329.5 which states "For purposes of a claim for

23  unemployment benefits …Computation [is made] using the 'last four' completed calendar quarters." Plaintiffs seeks a preliminary

24  injunction both for a) full recognition of all income (i.e. all distinct checks #'s made out to me, George J. Austin, recognized (which

25  would be at least double the amount included in EDD's formula at present, and b) application of the correct formula according to

26  Code 1329.5 for determining amount of pay. Plaintiff has applied for Unemployment, and was approved/certified 4 weeks of payment,

27  yet has not actually received those funds, yet. I am eligible via wrongful termination/discharge, and have nothing that would disqualifyme,

28  yet still there has been a long hold up having irreparable negative impact on all parts of my livelihood. I have not obtained a new job, yet,

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1. and those funds are essential to fill in the short term income gaps, as well as finance the process of obtaining a new job.  Given the context
2. Plaintiff therefore seeks a (TRO) Temporarily Restraining Order, and Preliminary Injunction (PI) enjoining Defendants and those acting
3. on their behalf including EDD from further economic exploitation.  The TRO, and Preliminary Injunction (PI), would help prevent
4. the further unjust deprivation of Plaintiff's rights, fraud, and withholding of funds (another form of Wage Theft, and underlying causes
5. of action for this suit).  Pursuant to Fed. R. Civ. P. 65(b) and Local Civil Rule 231, Plaintiff shall make every reasonable effort to
6. provide actual notice to Defendants as of the time of making this application, and shall provide copies of all pleadings and papers filed
7. in this action to date.   WHEREFORE, Plaintiff respectfully requests that this Court grant this motion by entering the proposed
8. TRO & PI.

25. George Austin, esq. (TBA)   [signature]
26. Plaintiff, Attorney of Record
27. 02/14/2020        2/14/20

UNITED STATES DISTRICT COURT
~~EASTERN~~ NORTHERN DISTRICT OF CALIFORNIA

G.A.

TEMPORARY RESTRAINING ORDER
(TRO)
CHECKLIST

C20-800 JCS

**NOTE:** When filing a Motion for a TRO with the court, you must choose Motion for TRO. You must complete this document and attach it to your motion as an attachment in CM/ECF. If you have questions, please call the CM/ECF Help Desk at 1-866-884-5525 (Sacramento) or 1-866-884-5444 (Fresno).

(A) *Check one.*   Filing party is represented by counsel  ☐

Filing party is acting in pro se  ☑

(B) Has there been actual notice, or a sufficient showing of efforts to provide notice to the affected party? *See Local Rule 231 and FRCP 65(b).*

**Yes, as a Pro Se Litigant given the constraints of the situation (see complaint and statement of claim), there has been sufficient showing of efforts to provide notice to the affected party.**

Did applicant discuss alternatives to a TRO hearing?
**Yes, unfortunately the opposing parties have been quite unhelpful, and non-responsive.**

Did applicant ask opponent to stipulate to a TRO?
**No.**

Opposing Party: **Tesla, Balance Staffing, MVP Personnel, (EDD as an agent of the former).**

Telephone No.: **650-681-5100, (209) 474-1379, 1-855-MVP-9090, 619-525-4830**

(C) Has there been undue delay in bringing a TRO?
**No, was brought as soon as possible once I realized the pattern of what was happening, and available solutions.**

Could this have been brought earlier?

Yes: ☐   No: ☑

**TRO Checklist** - *Page 2*

(D)   What is the irreparable injury?

    **Payroll checks made out to me, and missing/stolen, negatively impacting short term financial stability. Unemployment insurance, as a result of wrongful discharge/termination, held from utilization ~~to in~~ from applicant unjustly, against due process, Social Security Act's "when due" requirement**

    Why the need for an expedited hearing?

    **Due to the totality of circumstances, context, timing and significant negative financial (and other) impact causing irreparable injury, an expedited solution, and hearing is required. The severity and type of financial injury helps create the urgency.**

(E)   Documents to be filed and (unless impossible) served on affected parties/counsel:

- [x] (1)   Complaint
- [x] (2)   Motion for TRO
- [x] (3)   Brief on all legal issued presented by the motion
- [x] (4)   Affidavit detailing notice, or efforts to effect notice, or showing why it should not be given
- [x] (5)   Affidavit in support of existence of irreparable harm
- [x] (6)   Proposed order with provision for bond
- [x] (7)   Proposed order with blanks for fixing:
  - [x] Time and date of hearing for motion for preliminary injunction
  - [x] Date for filing responsive papers
  - [x] Amount of bond, if any
  - [x] Date and hour of issuance
- [x] (8)   For TROs requested *ex parte*, proposed order shall notify affected parties they can apply to the court for modification/dissolution on 2 days notice or such shorter notice as the court may allow. *See Local Rule 231 and FRCP 65(b)*

George J. Austin, esq (TBA)
PO Box 1832
Oakland, CA 94608

SACRAMENTO
CA 957
21 FEB '20
PM 4 L

United States District Court
456 Golden Gate Ave., Box 36000
San Francisco, CA 94102



94102-340699

