UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE J. AUSTIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TESLA, INC., et al.,<br><br>　　　　Defendants. | Case No. 20-cv-00800-EMC<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION, DISMISSING ORIGINAL COMPLAINT, AND DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER**<br><br>Docket Nos. 6, 12 |

　　　　On February 3, 2020, pro se Plaintiff George J. Austin filed suit against Defendants Tesla, Inc.; Balance Staffing; MVP Personnel Staffing Group; Tesla employees Steve Anderson, Vince Woodard, Daniel Garcia, and Jose Mendiola; and Balance Staffing employee Sandy Malloy. *See* Docket No. 1. Pursuant to Judge Spero's evaluation of Mr. Austin's complaint as part of his review of Mr. Austin's in forma pauperis application, Judge Spero recommended that Mr. Austin's complaint be dismissed with leave to amend most of his claims (and with prejudice as to several others), and that Mr. Austin's application for a temporary restraining order be denied. *See* Report and Recommendation ("R&R") at 1, Docket No. 12.

　　　　The Court has reviewed the R&R and finds it thorough, well-reasoned, and correct. Furthermore, no objections to its findings have been filed. Mr. Austin was originally permitted until May 20, 2020 to file any objections, but that deadline was extended twice, until June 26, 2020. *See* Docket Nos. 16, 17. On June 26, 2020, Mr. Austin filed an amended complaint (which is discussed below), but he did not submit any objections to Judge Spero's R&R. *See* Docket No. 18 ("FAC"). Accordingly, the Court **ADOPTS** the Report and Recommendation. In light of the fact that Mr. Austin has already filed an amended complaint, the Court deems the following claims

from the original complaint to have been **DISMISSED** with leave to amend:

- Equal Pay Act Claim
- Fair Labor Standards Act Claim
- 41 U.S.C. §4712 Claim
- Any whistleblower retaliation claim not brought under the Whistleblower Protection Act or the Whistleblower Protection Enhancement Act
- First Amendment Claim
- Americans with Disabilities Act Claim
- Genetic Information Nondiscrimination Act
- 42 U.S.C. §1981 Claim
- "Defamation Per Se" Claim (under California law)

It also deems the following claims from the original complaint to have been **DISMISSED** with prejudice; they cannot be asserted herein:

- Whistleblower Protection Act Claim
- Whistleblower Protection Enhancement Act Claim
- 18 U.S.C. §241 Claim

Lastly, the Court **DENIES** Mr. Austin's application for a temporary restraining order.

The Court also addresses the fact that, as noted above, Mr. Austin has already filed an amended complaint. *See* Docket No. 18. That complaint does not re-allege the claims that have been dismissed with prejudice; it also omits a number of the claims that Judge Spero recommended be dismissed without prejudice, and it adds many new claims. Having reviewed the new complaint, the Court finds that Mr. Austin's allegations rise above the level of being "frivolous," particularly when construed liberally, as the Court must do in the context of pro se litigants. *See, e.g.*, *Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 642 (9th Cir. 2018) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)) ("[W]e have an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to

///

///

afford the petitioner the benefit of any doubt."). Accordingly, the Court will not dismiss Mr. Austin's amended complaint pursuant to § 1915(e) review, and it directs the U.S. Marshals to effectuate service on the Defendants.

This order disposes of Docket Nos. 6, 12.

**IT IS SO ORDERED**.

Dated: July 6, 2020

_____
EDWARD M. CHEN
United States District Judge