UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE J. AUSTIN, Plaintiff, | MOTION FOR JOINDER OF NECESSARY PARTY: ADDITION OF DEFENDANT PARTY, CA EMPLOYMENT DEVELOPMENT DEPARTMENT (EDD)<br>Re: Dkt. Nos. 19-22 |
| v. | |
| TESLA, INC., et al., Defendants. | |

Case No. 3:20-cv-00800

George Jarvis (J).. Austin, esq. (TBA)  08/28/20.
Austin v. Tesla, et. al. Case # 3:20-cv-00800
P.O. Box 1832 Oakland, CA 94604, or alternatively
240 E. Channel St. #431 Stockton, CA 95202

## Table of Authorities

1. Federal Rules of Civil Procedure Rule 15(a)
2. Federal Rules of Civil Procedure Rule 21
3. Federal Rules of Civil Procedure Rule 15(a)
4. Federal Rules of Civil Procedure Rule 21
5. Chudacoff v. Univ. Med. Cent. of S. Nev., 649 F.3d 1143, 1152 (9th Cir. 2011) (quoting United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981)).
6. Farnan v. Capistrano Unified Sch. Dist., 654 F.3d 975, 985 n.5 (9th Cir. 2011) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).
7. California Department Of Human Resources Development et al., Appellants, v. Judith Java et al., Supreme Court. 402 U.S. 121. 91 S.Ct. 1347
8. Goldberg v. Kelly, 397 US 254 - 1970
9. California Department Of Human Resources Development et al., Appellants, v. Judith Java et al., Supreme Court. 402 U.S. 121. 91 S.Ct. 1347
10. Federal Rule of Civil Procedure 19(a)
11. Bakia v. County of Los Angeles, 687 F.2d 299, 301 (9th Cir. 1982).
12. Federal Rules of Civil Procedure Rule 15(a),
13. Federal Rules of Civil Procedure Rule 21
14. US District Court Northern District of California Civil Local Rule 7-1(b)
15. Federal Rules of Civil Procedure Rule 19(a)
16. Bakia v. County of Los Angeles, 687 F.2d 299, 301 (9th Cir. 1982).

George Jarvis (J).. Austin, esq. (TBA)  08/28/20.
Austin v. Tesla, et. al. Case # 3:20-cv-00800
P.O. Box 1832 Oakland, CA 94604, or alternatively
240 E. Channel St. #431 Stockton, CA 95202

## JOINDER MOTION TO ADD NECESSARY DEFENDANT PARTY: EDD

Pursuant to Federal Rules of Civil Procedure Rules 15(a), and 21, governing the addition and subtraction of parties, Plaintiff, (University of California, Berkeley Graduate (09'), Honors Student, Bay Area Housing Commissioner, Alum, NAACP National Representative, and Local Youth and College President, Alum, California Senate, Capital Fellows, Senate Fellows Top 10 out of 800+ Nationally Ranked, Alum (13'), UCLA Law, and Anderson Riordan MBA Fellows, Alum (08', 13'), T-14 Law Student, as well as others), and Attorney of Record, Mr. George Jarvis (J.) Austin, esq. (TBA), moves to add, or join, the California Employment Development Department (EDD) as a Defendant party in this suit.

EDD Legal Office
722 Capitol Mall, MIC 53,
Sacramento, CA 95814

Fed. R. Civ. P. 15(a) provides that a party may amend a claim as a matter of course any time before a responsive pleading is served.  If the pleading is one to which no responsive pleading is permitted, and the action has not been placed upon the trial calendar, a party may amend any time within 20 days of service. Otherwise, a party may only amend its pleading by leave of court or by written consent of the adverse party; and leave shall be given freely when justice so requires. Fed. R. Civ. P. 21 provides that misjoinder of parties is not ground for dismissal of an action, and that parties may be dropped or added by court order on motion of any party or of the court's own initiative at any stage in the action and on such terms as are just.   Together, Rules 15 and 21 provide movants with an extremely liberal standard to meet.

George Jarvis (J).. Austin, esq. (TBA)  08/28/20.
Austin v. Tesla, et. al. Case # 3:20-cv-00800
P.O. Box 1832 Oakland, CA 94604, or alternatively
240 E. Channel St. #431 Stockton, CA 95202


Courts generally grant motions to amend absent any evidence of bad faith, undue delay, or undue prejudice to the non-movant. The Ninth Circuit Court of Appeals recognizes that "the underlying purpose of Rule 15 [is] to facilitate [a] decision on the merits, rather than on the pleadings or technicalities," and, therefore, "Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." *Chudacoff v. Univ. Med. Cent. of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). The decision whether to grant or deny a motion to amend pursuant to Rule 15(a) rests in the sole discretion of the trial court. The four factors that are commonly used to determine the propriety of a motion for leave to amend are: 1) undue delay, bad faith or dilatory motive on the part of the movant; 2) repeated failure to cure deficiencies by amendments previously allowed; 3) undue prejudice to the opposing party by virtue of allowance of the amendment; and 4) futility of amendment. C.F. ex rel. *Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 985 n.5 (9th Cir. 2011) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  Nevertheless, attorneys should remember that, while the standards are exceedingly liberal, a motion to amend under either Rule 15 or Rule 21 should be expedient and logically sound to ensure a favorable judicial decision.

Here Organizational Defendant, EDD, has become a necessary party to this case and controversy as their behavior recently has continued the conspiratorial, tort-ious, and unconstitutional (including Due Process: substantive, and procedural), pattern of the underlying facts.  The tort-ious, and constitutional, violations including conversion (and others), and now violations of the

George Jarvis (J).. Austin, esq. (TBA)  08/28/20.
Austin v. Tesla, et. al. Case # 3:20-cv-00800
P.O. Box 1832 Oakland, CA 94604, or alternatively
240 E. Channel St. #431 Stockton, CA 95202

Unemployment and Disability Insurance Code (underpayment, delayed back pay) etc. are glaring due to extremely delayed back pay (over twelve weeks), and underpayment of benefit wages "when due."  See *California Department Of Human Resources Development et al., Appellants, v. Judith Java et al.*)  Plaintiff has been receiving EDD disability benefit wages since late April 2020, is currently receiving into the foreseeable future due to ongoing injury, but is still chronically underpaid according to their own records.  This is especially unconstitutional and tortious as they were Audited, Verified, and even recently verified again by the EDD's own Accounting and Auditing Department.  Representative Anna of that department personally verified all accounts, and wages with respective employers, and then called Plaintiff, George J. Austin, Esq. (TBA), back to confirm it had been processed on 8/18/20 at 12:39PM and apologized personally for all the inconvenience.  See Attached.  Yet, Plaintiff still has yet to receive (proper adjustment, or backpay).  According to the Auditing, and Accounting Department the wages and account information has been updated in the EDD's system, but still unpaid to Plaintiff (claimant), in violation of the Constitution, Social Security Act, various statutes, precedental holdings, and public policy.

Plaintiff will file a subsequent amended complaint specifically expounding, adding, and addressing the causes of actions for which the EDD is now liable, too.  Plaintiff shall also subsequently file a motion for injunctive relief due to the ongoing Constitutional violations and continuing, and increasing, irreparable harm, with each passing week of benefit wage underpayment, and "when due," violations of Plaintiff's Due process (far beyond the thresholds clearly delineated in

George Jarvis (J).. Austin, esq. (TBA)  08/28/20.
Austin v. Tesla, et. al. Case # 3:20-cv-00800
P.O. Box 1832 Oakland, CA 94604, or alternatively
240 E. Channel St. #431 Stockton, CA 95202

*Goldberg v. Kelly,* and *California Department Of Human Resources Development et al., Appellants, v. Judith Java et al.*)    Because, the underlying facts are so similar, connected, overlapping, and ongoing, Plaintiff, George J. Austin, Esq. (TBA) moves to join the EDD to avoid multiple, or duplicate, litigation and provide parties with complete, and effective, relief in a single action as all parties are necessary, and indispensable.

Plaintiff moves to join the EDD as a necessary party under Federal Rule of Civil Procedure 19(a). That rule provides: A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. Fed. R. Civ. Proc. 19(a). The determination of whether a non-party should be joined pursuant to Rule 19(a) rests within the discretion of the Court based on a consideration of the facts of the case and the policies underlying the rule. See *Bakia v. County of Los Angeles,* 687 F.2d 299, 301 (9th Cir. 1982).

The Ninth Circuit has instructed courts to consider the following when deciding whether a non-party should be joined, Underlying policies include plaintiff's right to decide whom he shall

George Jarvis (J).. Austin, esq. (TBA)  08/28/20.
Austin v. Tesla, et. al. Case # 3:20-cv-00800
P.O. Box 1832 Oakland, CA 94604, or alternatively
240 E. Channel St. #431 Stockton, CA 95202

sue, avoiding multiple litigation, providing the parties with complete and effective relief in a single action, protecting the absentee, and fairness to the other party. The determination is heavily influenced by the facts and circumstances of each case. It is a misapplication of Rule 19(a) to add parties who are neither necessary nor indispensable, who are not essential for just adjudication and who have a separate cause of action entirely. Id.  In this case, the underlying facts are not intertwined, and overlapped, but extending from the same set of facts (and analogous, or similar, if not the same causes of action).

Plaintiff moves to add EDD as a party pursuant to Federal Rules of Civil Procedure Rules 15(a), and 21, and Pursuant to Civil Local Rule 7-1(b) whereas joinder under Rule 19(a) is appropriate, as a necessary party, is in the interests of fairness, avoiding multiple litigation, and in providing the parties with complete and effective relief in a single action. See *Bakia v. County of Los Angeles*, 687 F.2d 299, 301 (9th Cir. 1982).

 Recents



# EDD #2

 message   mobile   video   mail   pay

Edit

### August 18, 2020

**12:39 PM   Incoming Call**
1 minute

mobile  `RECENT`

**(833) 978-2511**

**Notes**

Call from Anna in Accounting;Auditing confirming she processed adjustment to maximum and verified all wages and accounts directly with employer

**Send Message**

**Share Contact**

**Add to Favorites**

 Favorites    Recents    Contacts    Keypad    Voicemail