George Jarvis (J).. Austin, esq. (TBA)  09/06/20.
Austin v. Tesla, et. al. Case # 3:20-cv-00800
P.O. Box 1832 Oakland, CA 94604, or alternatively
240 E. Channel St. #431 Stockton, CA 95202

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

GEORGE J. AUSTIN, Plaintiff,   PLAINTIFF AFFIDAVIT#2 FOR INJUNCTIVE
                               RELIEF   Re: Dkt. Nos. 12, 16-17, 24-29

v.

TESLA, INC., et al., Defendants.

Case No. 3:20-cv-00800

George Jarvis (J).. Austin, esq. (TBA)  09/06/20.
Austin v. Tesla, et. al. Case # 3:20-cv-00800
P.O. Box 1832 Oakland, CA 94604, or alternatively
240 E. Channel St. #431 Stockton, CA 95202

This Affidavit is to document follow up, or a second provision of 'notice' to the respective adverse Party: EDD (via their Attorney Chris Workman).  Plaintiff has attached an email and call log with Chris after he followed up earlier this morning (approx 8:30-45ish am 9/16/20).  Plaintiff sent a follow up email clarifying some potential misunderstandings, on his or his organization's part regarding the difference between the required "notice" for grant of injunctive, and traditional service of other aspects of the litigation process.  See attached.  Also Plaintiff noticed that in the original Affidavit filings docket number 28 several parts of the attached document were somehow cut-off when compressing the file (i.e. missing "titles," "headings" in the Table of Authorities, etc.). As such, Plaintiff, and Attorney of Record, George J. Austin, Esq. (TBA)  has re-attached the document with the missing portions as well as the above mentioned email, and call-log with Chris Workman, Legal Representation for EDD.  Below is the original Affidavit message.

Under Federal law, the procedure, and standard for obtaining injunctive relief is governed by Federal Rule of Civil Procedure number 65, and Northern District Local Rule 65.  Pursuant to Federal Rule of Civil Procedure 65(a) preliminary injunctions, Federal Rule of Civil Procedure 65(b) TROs and local rules 65, certain steps must be taken to secure injunctive relief on behalf of the Movant party. See Fed. R. Civ. P. 65(a)-(b), CA Northern District Local Rules 65.   Under Fed. R. Civ. P. 65, a preliminary injunction may only issue on notice to the adverse party. See Fed. R. Civ. P. 65(a). Also pursuant to Fed. R. Civ. P. 65, a TRO may issue without written or oral notice to the adverse party or their attorney. See Fed. R. Civ. P. 65(b). In addition, TROs expire 14 days after entry, unless before that time it is extended by the court. See Fed. R. Civ. P. 65(b)(2).  The

George Jarvis (J).. Austin, esq. (TBA)  09/06/20.
Austin v. Tesla, et. al. Case # 3:20-cv-00800
P.O. Box 1832 Oakland, CA 94604, or alternatively
240 E. Channel St. #431 Stockton, CA 95202

standards for TRO, Preliminary Injunction, and Specific Performance as forms of injunctive relief are similar.

Under Local Rule 65, INJUNCTIONS 65-1, grants of Injunctive relief in the form of Temporary Restraining Orders require:

(1) A copy of the complaint;

(2) A separate memorandum of points and authorities in support of the motion (or request);

(3) The proposed temporary restraining order; and

(4) Such other documents in support of the motion which the party wishes the Court to consider.

(b) NOTICE to Opposition of Ex Parte Motion. Unless relieved by order of a Judge for good cause shown, on or before the day of an ex parte motion for a temporary restraining order, counsel applying for the temporary restraining order must deliver 'notice' of such motion to opposing counsel or party.

Here Plaintiff has included in his Affidavit, in requesting for injunctive relief in form of specific performance (full payment and backpay), Temporary Restraining Order (against underpaying, against statutory and constitutional standards), and Preliminary Injunction (to maintain the prohibition against those unconstitutional organizational behaviors), the specific documents:

(1) Amended Complaint incorporating need for injunctive relief

George Jarvis (J).. Austin, esq. (TBA)  09/06/20.
Austin v. Tesla, et. al. Case # 3:20-cv-00800
P.O. Box 1832 Oakland, CA 94604, or alternatively
240 E. Channel St. #431 Stockton, CA 95202

(2) Application & Motion for Writ of Injunctive Relief (TRO, Specific Performance; Preliminary Injunction) including:

    (a) legal issues presented by the motion, and

    (b) support of existence of irreparable harm

(3) Affidavit detailing notice, or efforts to effect notice

The remedy is designed for extraordinary circumstances, and irreparable harms and that standard is met for Plaintiff's, George J. Austin's request, due to the extreme delay in the full payment of EDD unemployment's disability Insurance (UIC; DI) to the point of violating Plaintiff's Constitutional Due Process Rights under Robles II, supra, 236 Cal.App.4th, California Human Resources Dept. v. Java, supra, 402 U.S. 121, and Am. Fed'n of Labor v. Employment Dev. Dep't, 88 Cal.App.3d 811.   EDD's non-compliance is not only a violation of "when due," according to the Social Security Act, but fundamentally due process, too, as the Supreme Court ruled.  Payments from EDD, in accord with the policy intention of the service, and especially given the target audience [i.e. those injured and unable to work], should be made as soon as possible in the public interest, and in accord with policy goals.  Therefore, Plaintiff therefore seeks injunctive relief for Specific Performance, a (TRO) Temporarily Restraining Order, and Preliminary Injunction (PI) to prevent the further unjust deprivation of Plaintiff's rights, fraud, and illegal withholding of funds (another form of Compensation Code violations, and underlying causes of action for this suit).  Plaintiff has provided NOTICE to EDD's Legal Department via three separate fax numbers, emails in their respective Departments (operations, legal, etc.), and verified via phone that the information was a)

George Jarvis (J).. Austin, esq. (TBA)  09/06/20.
Austin v. Tesla, et. al. Case # 3:20-cv-00800
P.O. Box 1832 Oakland, CA 94604, or alternatively
240 E. Channel St. #431 Stockton, CA 95202

correct, and b) that notice was received.  Although, Official service shall be made by the Federal Marshals (as Plaintiff requested), 'notice' can be provided in many forms (including those available here).  See attached call log.  Pursuant to Fed. R. Civ. P. 65(b) and Local Civil Rule 65, Plaintiff has, and shall make every reasonable effort to provide actual notice to Defendants as of the time of making this application, and shall provide copies of all pertinent pleadings and papers filed in this action to date.   Plaintiff, Pro Se, and Attorney of Record, respectfully requests that this Court grant this motion for injunctive relief.