George Jarvis (J).. Austin, esq. (TBA)  09/16/20
Austin v. Georgetown, et. al. Case # 3:20-cv-00800
P.O. Box 1832 Oakland, CA 94604, or alternatively
240 E. Channel St. #431 Stockton, CA 95202

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GEORGE J. AUSTIN, Plaintiff,               REQUEST FOR DISCOVERY #1

                                                              Re: Dkt. Nos. 1, 27-32

v.

TESLA., et al., Defendants.

Case No. 3:20-cv-00800

George Jarvis (J).. Austin, esq. (TBA)  09/16/20
Austin v. Georgetown, et. al. Case # 3:20-cv-00800
P.O. Box 1832 Oakland, CA 94604, or alternatively
240 E. Channel St. #431 Stockton, CA 95202

Pursuant to Rule 26 *Duty to Disclose; General Provisions Governing Discovery,* Rule 56(c), Federal Rule of Civil Procedure 65(a) preliminary injunctions, Federal Rule of Civil Procedure 65(b), Northern District Local Rules 65 *Injunctive Relief,* and Rule 44 *Proving an Official Record,* Plaintiff moves to file a request for expedited Discovery of Defendant Party, EDD, regarding the Injunctive Relief Request.  Further, given an EDD representative, Anna, from the Auditing and Accounting Department specifically called me over a month ago, apologizing, and promising that she had already properly adjusted my records, and the still haven't adjusted, Plaintiff requests EDD provide documentation of all those internal changes, and the appropriate verifications that she made.

Given that Ana specifically said she verified all accounts, with Defendant employers, and took special care to ensure proper adjustment would be made going forward.   Plaintiff further requests that Defendant organization provide exactly which account those funds went into, as Plaintiff has not received those promised specified funds, yet.  *See Dockets 27-30*

Specifically, Plaintiff reached out to communicate with Defendant EDD about this, and other issues, multiple times, to try and solve these issues outside of court, avoid any unnecessary litigation, or causes of action (literally over 100 times).  However, because of an extreme lack of communication, or follow through, to the point unconstitutional due process deprivation on part of Defendants organization, and because of the lack of adequate explanation on their part, litigation has proved necessary.  Defendants have appeared to disengage  from the written communication process and have further shut down healthy professional, proactive, communication.  Plaintiff

George Jarvis (J).. Austin, esq. (TBA)  09/16/20
Austin v. Georgetown, et. al. Case # 3:20-cv-00800
P.O. Box 1832 Oakland, CA 94604, or alternatively
240 E. Channel St. #431 Stockton, CA 95202

therefore moves to file a request for Discovery under Rule 26 *Duty to Disclose; General Provisions Governing Discovery,* Rule 56(c), and Rule 44 *Proving an Official Record.*