George Jarvis (J).. Austin, esq. (TBA)  09/06/20.
Austin v. Tesla, et. al. Case # 3:20-cv-00800
P.O. Box 1832 Oakland, CA 94604, or alternatively
240 E. Channel St. #431 Stockton, CA 95202

 

 

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

 

| | |
|---|---|
| GEORGE J. AUSTIN, Plaintiff, | PLAINTIFF AFFIDAVIT#3 FOR STATE OF CALIFORNIA VALIDATION OF BOTH UNDISPUTED SET OF WAGES, AND PAID BACK PAY, AND PROPER COMPENSATION ADJUSTMENT GOING FORWARD |
| v. | |
| TESLA, INC., et al., Defendants. | |

Case No. 3:20-cv-00800

George Jarvis (J).. Austin, esq. (TBA)  09/06/20.
Austin v. Tesla, et. al. Case # 3:20-cv-00800
P.O. Box 1832 Oakland, CA 94604, or alternatively
240 E. Channel St. #431 Stockton, CA 95202

Pursuant to Rule 26 *Duty to Disclose; General Provisions Governing Discovery,* Rule 56(c), and Rule 44 *Proving an Official Record* Plaintiff moves to file an Affidavit.  This Affidavit is to document validation of all Plaintiff's accounts, wages, after months of follow up by Plaintiff, and due diligence for respective quarterly earnings from respective employers by the State of California.  The EDD Auditing and Accounting Department, specifically Anna, in that department verified, on a recorded line, that she personally called the employer to verify all information (including wages), and then verified respective accounts, and information provided by parties.  This is also to document receipt of back pay by Plaintiff, and proper compensation adjustment to Plaintiff by State of California (EDD) going forward after the extreme delay (multiple months) in the full payment of EDD unemployment's disability Insurance compensation (UIC; DI) to the point of violating Plaintiff's Constitutional Due Process Rights under Robles II, supra, 236 Cal.App.4th, California Human Resources Dept. v. Java, supra, 402 U.S. 121, and Am. Fed'n of Labor v. Employment Dev. Dep't, 88 Cal.App.3d 811.

Now, after the back pay compensation, and proper adjustment going forward (and after State Auditors validated respective wages, accounts, and other information) the EDD, in proper compliance with the Constitution, and other respective law, has made legally binding written and oral assurances of proper compensation going forward to prevent the further unjust deprivation of Plaintiff's rights, fraud, and illegal withholding of funds (another form of Compensation Code violations, and underlying causes of action for this suit).  Due to the original delay, and underlying causes of action due to labor, and other, code violations with

George Jarvis (J).. Austin, esq. (TBA)  09/06/20.
Austin v. Tesla, et. al. Case # 3:20-cv-00800
P.O. Box 1832 Oakland, CA 94604, or alternatively
240 E. Channel St. #431 Stockton, CA 95202

respect to theft, conversion, or improper withholding of wages connected to both the original and amended complaints Plaintiff was prompted to file a request for injunctive relief, after adding EDD Disability Insurance as a Defendant Party.  Plaintiff filed an amended complaint, and request for injunctive relief in form of specific performance (full payment and backpay), Temporary Restraining Order (against underpaying, against statutory and constitutional standards), and Preliminary Injunction (to maintain the prohibition against those unconstitutional organizational behaviors).  Because EDD has now fulfilled its Constitutional, and other duties, with regard to pay, after unconstitutional delay, Plaintiff shall revise the amended complaint, and notate on docket, to still document the undue hardship caused by respective employers, and Defendants (broadly), while tailoring to the current Defendants, only, in subsequent docket filings.  Plaintiff therefore moves to file an Affidavit under Rule 26 *Duty to Disclose; General Provisions Governing Discovery,* Rule 56(c), and Rule 44 *Proving an Official Record.*