George Jarvis (J).. Austin, esq. (TBA)  09/06/20.
Austin v. Tesla, et. al. Case # 3:20-cv-00800
P.O. Box 1832 Oakland, CA 94604, or alternatively
240 E. Channel St. #431 Stockton, CA 95202

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

GEORGE J. AUSTIN, Plaintiff,	PLAINTIFF AFFIDAVIT#4 STATE OF CALIFORNIA ADDITIONAL VALIDATION OF BOTH UNDISPUTED SET OF WAGES, EMPLOYER BACK PAY OWED OF AT LEAST, AND APPROXIMATELY, $25,000, OR MORE DUE TO CONVERTED, OR STOLEN COMPENSATION.

v.

TESLA, INC., et al., Defendants.

Case No. 3:20-cv-00800

George Jarvis (J).. Austin, esq. (TBA)  09/06/20.
Austin v. Tesla, et. al. Case # 3:20-cv-00800
P.O. Box 1832 Oakland, CA 94604, or alternatively
240 E. Channel St. #431 Stockton, CA 95202

Pursuant to Rule 26 *Duty to Disclose; General Provisions Governing Discovery,* Rule 56(c), and Rule 44 *Proving an Official Record* Plaintiff moves to file an Affidavit.  This Affidavit is to document validation of all Plaintiff's accounts, wages, after months of follow up by Plaintiff, and due diligence for respective quarterly earnings from respective employers by the State of California.  The EDD Auditing and Accounting Department, specifically Anna, in that department verified, on a recorded line, confirmed that she personally called the employer to verify all information (including wages), and then verified respective accounts, and information provided by parties from Plaintiff's work at Tesla (and the Subcontractors who they paid him through).

Although, sufficient proof was already possessed by Plaintiff to successfully sue for these stolen, or converted, aspects of his personal property, defined amount of wages, (which are given particular weight in the State of California), the painstaking, unconstitutional, and tortious process with EDD improper withholding actually helped to further substantiate Plaintiff's evidence (via due diligence) regarding the underlying wage, and conversion claims.  These undisputed, but unpaid, wages in Plaintiff's name, George J. Austin, with Plaintiff's social security number, with Plaintiff's permanent address since 2002 printed on them, were already clearly owned by Plaintiff (though stolen).  Because, Anna, the California State Auditor went through a very thorough, detailed, and iterative due diligence process validating all accounts, wages, check numbers, data entries, etc. directly with employers, and financial institutions (based on her words, and the process she described with my employers to me),

George Jarvis (J).. Austin, esq. (TBA)  09/06/20.
Austin v. Tesla, et. al. Case # 3:20-cv-00800
P.O. Box 1832 Oakland, CA 94604, or alternatively
240 E. Channel St. #431 Stockton, CA 95202

she helped to expedite the discovery and due diligence process for even stronger proof of the underlying claims as well.

      Plaintiff will take the following additional follow up measures with employers prior to additional injunctive relief request: a) request for reissuance, again, of non-received, undisputed but owed wages of at least, and approximately, $25,000.00 b) request for reissuance to a specified address, not plaintiff's permanent address previously listed c) documentation and submission of affidavits of subsequent information to keep the court informed.  Plaintiff therefore moves to file an Affidavit under Rule 26 *Duty to Disclose; General Provisions Governing Discovery,* Rule 56(c), and Rule 44 *Proving an Official Record.*