PILLSBURY WINTHROP SHAW PITTMAN LLP
JEAN F. KUEI (Bar No. 229752)
jean.kuei@pillsburylaw.com
ANDREA R. MILANO (Bar No. 278937)
andrea.milano@pillsburylaw.com
1200 Seventeenth Street, NW
Washington, DC 20036
Telephone:    202.663.8000
Facsimile:    202.663.8007

Attorneys for Defendant TESLA, INC. D/B/A IN CALIFORNIA AS TESLA MOTORS, INC. (erroneously sued as TESLA, INC.)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE J. AUSTIN, an individual<br><br>  Plaintiff,<br><br>  vs.<br><br>TESLA, INC., et al.<br><br>  Defendants. | Case No. 3:20-cv-00800-EMC<br><br>**DEFENDANT TESLA, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, STRIKE PORTIONS OF PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Date:  December 17, 2020<br>Time:  1:30 p.m.<br>Courtroom:  5<br>Judge:  Edward M. Chen |

**TO ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on December 17, 2020, at 1:30 p.m., or as soon thereafter as the matter may be heard before the Honorable Edward M. Chen in Courtroom 5 of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, 94102, Defendant Tesla, Inc. ("Defendant") or ("Tesla") will, and hereby does, move to dismiss Plaintiff's First Amended Complaint ("FAC") in its entirety without leave to amend, or, in the alternative, to strike various portions of Plaintiff's FAC, as set forth herein.

This Motion to Dismiss is made pursuant to Fed. R. Civ. Proc, Rule 12(b)(5) and 12(b)(6) on the following grounds:

1. Plaintiff's FAC should be dismissed in its entirety due to inadequate service of process because Plaintiff failed to serve Defendant with the operative pleading. Fed. R. Civ. Proc. Rule 12(b)(5).

2. Plaintiff's FAC fails to state a claim on which relief can be granted because, as a matter of law:

    a. Plaintiff has failed to allege with requisite specificity any conduct by Tesla or any of its employees or agents sufficient to sustain any of the ten causes of action alleged under the standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009);

    b. Any statements made about Plaintiff were covered by the common interest privilege and therefore cannot form the basis of a defamation claim;

    c. Tesla was not responsible under the California Labor Code or Fair Labor Standards Act for paying wages to Plaintiff, who was paid through various staffing agencies;

    d. California does not recognize claims for conversion of unpaid wages;

    e. Plaintiff fails to establish an ownership or right of possession to sustain his conversion claim;

    f. Plaintiff has failed to overcome the presumption of at-will employment pursuant to California Labor Code section 2922;

    g. Plaintiff has failed to establish any evidence of a contract, express or implied,

between himself and Tesla establishing that he was entitled to continued employment absent "good cause;"

    h. Plaintiff's fraudulent misrepresentation and concealment claims cannot be sustained in the context of at-will employment;

    i. Plaintiff has failed to meet the heightened pleading requirement for allegations of fraud, which must be pled with particularity;

    j. Plaintiff has failed to establish the existence of a contract or economic relationship with which Tesla tortiously interfered;

    k. Tesla cannot be found to have tortiously interfered with a prospective contract or economic relationship between Plaintiff and itself;

    l. Plaintiff did not engage in any protected activity under the Sarbanes-Oxley Act, California Labor Code, or Fair Labor Standards Act; and

    m. Plaintiff has failed to establish any public policy which was violated as a result of his termination.   Fed. R. Civ. Proc. Rule 12(b)(6).

 In the alternative, Defendant will, and hereby does, move this Court to strike the following provisions of Plaintiff's FAC pursuant to Fed. R. Civ. Proc., Rule 12(f), on the grounds that such portions of the FAC are "redundant, immaterial, [and/or] impertinent."   Specifically, Defendant requests that the following provisions of the FAC be stricken:

  1. Unauthenticated Exhibits:  FAC 99-133

  2. "Side Notes on Fed Pro Bono Project:"  FAC 2:15-3:4

  3.  Plaintiff's Duplicative Descriptions of Himself:  FAC 5:6-12; 10:7-12; 17:9-15; 26:10-15; 33:6-12; 39:2-8; 47:19-48:3; 52:6-11; 58:18-59:3; 71:20-72:5; and 75:13-18.)

Dated:  November 12, 2020

PILLSBURY WINTHROP SHAW PITTMAN LLP

By: */s/ Jean F. Kuei*
JEAN F. KUEI
ANDREA R. MILANO

Attorneys for Defendant TESLA, INC. D/B/A IN CALIFORNIA AS TESLA MOTORS, INC. (erroneously sued as TESLA, INC.