1

PILLSBURY WINTHROP SHAW PITTMAN LLP
JEAN F. KUEI (Bar No. 229752)

2

jean.kuei@pillsburylaw.com
ANDREA R. MILANO (Bar No. 278937)

3

andrea.milano@pillsburylaw.com
1200 Seventeenth Street, NW

4

Washington, DC 20036
Telephone:    202.663.8000

5

Facsimile:    202.663.8007

6

Attorneys for Defendant TESLA, INC. D/B/A IN CALIFORNIA AS
TESLA MOTORS, INC. (erroneously sued as TESLA, INC.)

7

8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

11

12

GEORGE J. AUSTIN, an individual

Case No. 3:20-cv-00800-EMC

Plaintiff,

13

vs.

14

TESLA, INC., et al. ,

15

Defendants.

16

**DEFENDANT TESLA, INC.'S
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT OR, IN
THE ALTERNATIVE, STRIKE
PORTIONS OF PLAINTIFF'S FIRST
AMENDED COMPLAINT**

17

**Date:  December 17, 2020
Time:  1:30 p.m.
Courtroom:  5
Judge:  Edward M. Chen**

18

19

20

21

22

23

24

25

26

27

28

DEF TESLA, INC.'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, STRIKE PLTF'S FAC

4838-7489-1216.v5

## TABLE OF CONTENTS

I.     INTRODUCTION ...................................................................................................1

II.    STATEMENT OF FACTS .....................................................................................1

       A.    Relevant Background Information.................................................................1

       B.    Procedural Posture ......................................................................................2

III.   LEGAL ARGUMENT – MOTION TO DISMISS.................................................3

       A.    Legal Standard Re Motion to Dismiss Under Rule 12(b)(5) ........................3

IV.    LEGAL ARGUMENT – MOTION TO DISMISS.................................................4

       A.    Legal Standard Re Motion to Dismiss Under Rule 12(b)(6) ........................4

       B.    Plaintiff's Defamation Claim Should Be Dismissed .....................................5

       C.    Plaintiff's Wage Claims Should Be Dismissed .............................................6

       D.    Plaintiff's Conversion Claim Should Be Dismissed......................................7

       E.    Plaintiff's Breach of Contract Claim Should be Dismissed...........................7

       F.    Plaintiff's Fraudulent Misrepresentation and Fraudulent Concealment Claims
             Should Be Dismissed ..................................................................................8

       G.    Plaintiff's Tortious Interference Claim Should Be Dismissed .....................10

       H.    Plaintiff's Whistleblower Claim Should Be Dismissed................................11

       I.    Plaintiff's Wrongful Termination Claim Should Be Dismissed....................13

V.     LEGAL ARGUMENT – MOTION TO STRIKE ................................................13

       A.    Legal Standard Re Motion to Strike ..........................................................13

       B.    The Court Should Strike The Unauthenticated Exhibits To Plaintiff's
             Complaint...................................................................................................14

       C.    The Court Should Strike Plaintiff's "Side Notes on Fed Pro Bono Project"..............14

       D.    The Court Should Strike Plaintiff's Duplicative Descriptions of Himself .................14

VI.    CONCLUSION....................................................................................................15

1

<u>TABLE OF AUTHORITIES</u>

2

Page(s)

3

<u>Cases</u>

4

*Alcantar v. Hobart Serv.,*
5
    800 F. 3d 1047 (9th Cir. 2015) ..................................................................................6

6

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)...........................................................................................4, 10
7

*Balistreri v. Pacifica Police Department,*
8
    901 F.2d 696 (9th Cir. 1990) ....................................................................................4

9

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007)...................................................................................................4
10

11

*Benny v. Pipes,*
    799 F.2d 489 (9th Cir. 1986) ....................................................................................3
12

*Beyene v. Coleman Sec. Servs., Inc.,*
13
    854 F.2d 1179 (9th Cir. 1988) ................................................................................14

14

*Blackwell v. Wells Fargo Home Mortgage, Inc.,*
15
    No. CV-10-04917-JF, 2011 WL 2443692 (N.D. Cal. June 16, 2011) (unpublished).....................5

16

*Brockmeyer v. May,*
    383 F.3d 798 (9th Cir. 2004) ....................................................................................3
17

*In re Broderbund/Learning Co. Securities Litigation,*
18
    294 F.3d 1201 (9th Cir. 2002) ..................................................................................4

19

*Burlesci v. Petersen,*
20
    68 Cal. App. 4th 1062 (1998) ...................................................................................7

21

*Buxton v. Eagle Test Sys., Inc,*
    No. CV 08-04404 RMW, 2011 WL 1522393 (N.D. Cal. Apr. 21, 2011) ......................................8
22

*Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.,*
23
    637 F.3d 1047 (9th Cir. 2011) ..................................................................................9

24

*Chodos v. West Publishing Co., Inc.,*
    292 F.3d 992 (9th Cir. 2002) ....................................................................................5
25

26

*City of Moorpark v. Superior Court,*
    18 Cal. 4th 1143 (1998) ..........................................................................................12

27

*Crowley v. Bannister,*
28
    734 F.3d 967 (9th Cir. 2013) ....................................................................................3

ii

*Davidson v. Kimberly-Clark Corporation*,
  889 F.3d 956 (9th Cir. 2018) ...........................................................................................8, 9

*Deaile v. Gen. Tel. Co. of Cal.*,
  40 Cal. App. 3d 841 (1974) ...............................................................................................5, 6

*Durning v. First Boston Corp.*,
  815 F.2d at 1267 ....................................................................................................................4

*In re Emery*,
  317 F.3d 1064 (9th Cir. 2003) .............................................................................................7

*Engalla v. Permanente Medical Group, Inc.*,
  15 Cal. 4th 951 (1997) ..........................................................................................................8

*Epstein v. Wash. Energy Co.*,
  83 F.3d 1136 (9th Cir. 1996) ...............................................................................................4

*Fantasy, Inc. v. Fogerty*,
  984 F.2d 1524 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994).............................13

*Foley v. Interactive Data Corp.*,
  47 Cal. 3d 654 (1988) ...........................................................................................................7

*People v. Gionis*,
  9 Cal. 4th 1196 (1995) ........................................................................................................14

*Jackson v. Hayakawa*,
  682 F.2d 1344 (9th Cir. 1982) .............................................................................................3

*Kashian v. Harriman*,
  98 Cal. App. 4th 892 (2002) ...............................................................................................5

*McCoy v. Kazi*,
  2010 WL 11465179 (C.D. Cal. Aug. 27, 2010).................................................................14

*Moore v. Regents of Univ. of Cal.*,
  51 Cal. 3d 120 (1990) ...........................................................................................................7

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
  526 U.S. 344 (1999).............................................................................................................3

*Pacific Gas & Electric Co. v. Bear Stearns & Co.*,
  50 Cal. 3d 1118 (1990) .......................................................................................................10

*Roy Allan Slurry Seal, Inc. v. American Asphalt South, Inc.*
  2 Cal. 5th 505 (2017) ..........................................................................................................10

*Schneider v. TRW, Inc.*,
  938 F.2d 986 (9th Cir. 1991) ...............................................................................................7

*Semegen v. Weidner,*
    780 F.2d 727 (9th Cir. 1985) ..................................................................................9

*Sidney-Vinstein v. A.H. Robins Co.,*
    697 F.2d 880 (9th Cir. 1983) ................................................................................13

*Slivinsky v. Watkins-Johnson Co.,*
    221 Cal. App. 3d 799 (1990) ...................................................................................8

*Swartz v. KPMG LLP,*
    476 F.3d 756--65 (9th Cir. 2007) ......................................................................9, 10

*Tameny v. Atlantic Richfield Co.,*
    27 Cal.3d 167 (1980) ............................................................................................13

*Twombly. Johnson v. Lucent Techs, Inc.,*
    653 F. 3d 1000 (9th Cir. 2011) ................................................................................4

*Van Asdale v. Int'l Game Tech.,*
    577 F.3d 989 (9th Cir. 2009) .................................................................................11

*Voris v. Lampert,*
    7 Cal. 5th 1141 .........................................................................................................7

*West Coast Theater Corp. v. Portland,*
    897 F.2d 1519 (9th Cir. 1990) .................................................................................3

*Whittlestone, Inc. v. Handi-Craft Co.,*
    618 F.3d 970 (9th Cir. 2010) ................................................................................13

*Williams v. Superior Court,*
    3 Cal. 5th 531 (2017) ..............................................................................................6

*Williams v. Taylor,*
    129 Cal. App. 3d 745 (1982) ...............................................................................5, 6

Statutes and Codes

United States Code
    Title 18, section 1514A(a)(1)................................................................................11
    Title 29, section 215 (a)(3)...................................................................................13

California Civil Code
    Sections 44-46 ..........................................................................................................5
    Section 47(c)............................................................................................................5
    Section 1710(1) ........................................................................................................8

DEF TESLA, INC.'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, STRIKE PLTF'S FAC

California Labor Code
    Section 98.6.................................................................................................11
    Section 98.6(a).............................................................................................12
    Section 132a................................................................................................12
    Section 1102.5.............................................................................................11
    Section 2699.3...............................................................................................6
    Section 2922.................................................................................................7
    Section 6310................................................................................................12
    Section 6310(a)............................................................................................12
    Section 6310(a)(4)........................................................................................12

Rules and Regulations

Federal Rules of Civil Procedure
    Rule 4..........................................................................................................3
    Rule 4(c)......................................................................................................3
    Rule 4(d)......................................................................................................3
    Rule 8(a)(2)..................................................................................................4
    Rule 9..........................................................................................................9
    Rule 9(b)...................................................................................................8, 9
    Rule 12(b)(4)................................................................................................1
    Rule 12(b)(5)................................................................................................3
    Rule 12(b)(6)..........................................................................................1, 4, 5
    Rule 12(f)...............................................................................................1, 13

DEF TESLA, INC.'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, STRIKE PLTF'S FAC
4838-7489-1216.v5

# I.    INTRODUCTION

On February 3, 2020, Plaintiff George J. Austin ("Plaintiff") initiated the above-captioned lawsuit by filing a Complaint against Defendant Tesla, Inc. ("Defendant" or "Tesla") and other Defendants alleging various claims and conspiracies arising from his former provision of services to Tesla through various staffing agencies.  Due to the grossly spurious nature of Plaintiff's original allegations, the Court, on its own motion, dismissed the majority of Plaintiff's claims contained in the original Complaint.  At the time the Order was entered, Plaintiff had already filed a First Amended Complaint ("FAC") and has since filed a Second Amended Complaint ("SAC").

Plaintiff's FAC—asserting claims for defamation, unpaid wages, conversion, breach of contract, fraudulent misrepresentation and concealment, tortious interference, wrongful termination in violation of public policy, and whistleblower retaliation—remains largely incoherent and, as plead, lacks factual and legal support.  In addition, Plaintiff has failed to effectuate proper service as Defendant has only been served with the FAC.  (Dkt. No. 39.)  As discussed in detail herein, Defendant, therefore, respectfully requests that this Court dismiss Plaintiff's FAC pursuant to Fed. R. Civ. Proc. 12(b)(4) for ineffective service of process and Fed. R. Civ. Proc. 12(b)(6) for failure to state a claim upon which relief can be granted.  Alternatively, Defendant respectfully requests that the Court strike various portions of Plaintiff's FAC pursuant to Fed. R. Civ. Proc. 12(f).

# II.    STATEMENT OF FACTS

## A.    Relevant Background Information

Plaintiff alleges that in summer 2019, Plaintiff began working at Tesla where "100% of the training, operations, and management occurred, via an intermediary Staffing organization."  (*See* FAC 5:2-5.)   Plaintiff acknowledges that "MVP Personnel and a Division of MVP's company Balance Staffing, […] directly paid wages to Plaintiff for work performed."  (FAC 5:5-6.)  Plaintiff alleges that during his assignment, he had various questions regarding his payment of wages which arose from the paychecks issued to him by MVP Personnel and Balance Staffing that were never resolved.  (*See* FAC 6:1-9.)  Plaintiff claims that "legal liability for both sets of wages, and other liability incurred, rests in the parent Company, MVP Personnel, headquartered in Illinois" and "all pay went through Personnel (MVP/Balance Organizations)."  (FAC 6:9-10, 19-20.)

1    Plaintiff further alleges that his assignment ended some time in 2020 when he was falsely

2    accused of "record[ing] a supervisor in violation of California Penal Law," which appears to have

3    been conveyed to him by a "Sandy Malloy," who worked for the staffing agencies.  (*See* FAC 8:4-6;

4    9:20-10:7; 47:14.)

5         **B.      Procedural Posture**

6         On February 3, 2020, Plaintiff filed his Original Complaint and a request for a temporary

7    restraining order shortly thereafter.  (Dkt. Nos. 1, 6.)  Plaintiff, who has not graduated from law school

8    or been admitted to the California State Bar, is representing himself in this matter on a *pro se* basis

9    and repeatedly refers to himself as the "Attorney of Record" in this matter.[1]

10        On May 6, 2020, the Court, *sua sponte*, issued its Report and Recommendation dismissing

11   Plaintiff's Complaint and denying his request for a temporary restraining order.  (Dkt. No. 12.)  On

12   July 6, 2020, the Court accepted the Report and Recommendation, dismissing three of Plaintiff's

13   original claims without leave to amend, providing him leave to amend his remaining nine claims, and

14   denying his request for a temporary restraining order.  (Dkt. No. 18.)  In its Order, the Court noted that

15   Plaintiff had already filed a First Amended Complaint ("FAC") that it would allow to proceed.  (Dkt.

16   No. 18.)  In the FAC, Plaintiff has asserted claims for: (1) Defamation, (2) Non-Payment of Wages –

17   California Labor Code, (3) Non-Payment of Wages – Fair Labor Standards Act, (4) Conversion, (5)

18   Breach of Contract, (6) Fraudulent Misrepresentation, (7) Fraudulent Concealment, (8) Tortious

19   Interference, (9) Wrongful Termination in Violation of Public Policy, and (10) Whistleblower

20   Retaliation in violation of the Sarbanes-Oxley Act, the Fair Labor Standards Act, and the California

21   Labor Code.  (Dkt. No. 18.)

22        On September 15, 2020, Plaintiff filed a Second Amended Complaint ("SAC") (Dkt. No. 28).

23   On October 20, 2020, Defendant Tesla was served with Plaintiff's FAC via its registered agent for

24   service of process by certified mail, upon which this Motion is based.  Defendant Tesla has not yet

25   been served with Plaintiff's SAC.

26   _____

27   [1] Although Defendant acknowledges Plaintiff's right to represent himself *pro se* in this litigation, it
     bears noting that Plaintiff repeatedly holds himself out to be a lawyer in these pleadings, associated
     correspondence, and otherwise, in potential violation of California's rules against the unauthorized

28   practice of law.

DEF TESLA, INC.'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, STRIKE PLTF'S FAC

4838-7489-1216.v5

1    **III.     LEGAL ARGUMENT – MOTION TO DISMISS**

2        **A.     Legal Standard Re Motion to Dismiss Under Rule 12(b)(5)**

3        A plaintiff is required to follow a series of precise steps for properly serving a summons and

4    complaint on a defendant in federal court.  These steps are enumerated in Rule 4 of the Federal Rules

5    of Civil Procedure.   Specifically, a plaintiff is required to serve both a summons and operative

6    complaint on the defendant, unless the defendant waives service of the summons.  Fed. R. Civ. Proc.

7    4(c), (d).  Where Plaintiff fails to serve defendants properly, the district court does not have personal

8    jurisdiction over the defendants.  *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982).

9    Although Rule 4 "is a flexible rule that should be liberally construed," neither "actual notice [of an

10   action] nor simply naming the person in the caption of the complaint will subject defendants to

11   personal jurisdiction if service was not made in substantial compliance with Rule 4."  *Crowley v.*

12   *Bannister,* 734 F.3d 967, 975 (9th Cir. 2013) (citing *Benny v. Pipes,* 799 F.2d 489, 492 (9th Cir. 1986)).

13       Rule 12(b)(5) authorizes dismissal due to insufficient service of process.  *See Murphy Bros.,*

14   *Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("In the absence of service of process

15   […] a court ordinarily may not exercise power over a party the complaint names as defendant.")

16   (citations omitted).  In the case of a Rule 12(b)(5) motion, the plaintiff bears the burden of establishing

17   the validity of service.  *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).  Service of the

18   wrong complaint affords an appropriate basis on which to dismiss a complaint.  *See West Coast*

19   *Theater Corp. v. Portland*, 897 F.2d 1519, 1529 (9th Cir. 1990) (affirming dismissal for failure to

20   effect service within 120 days under then-Rule 4(j) where plaintiff served incomplete draft complaint

21   which was seven pages shorter than the complaint that was actually filed).

22       Here, Tesla was served through its registered agent with a copy of Plaintiff's FAC (Dkt. No.

23   18) via certified mail sent on October 20, 2020.  (Dkt. No. 39.)  Based upon the Court's docket,

24   however, Plaintiff filed his SAC on September 15, 2020, *prior* to the date of service of the FAC upon

25   Tesla.  (Dkt. No. 28.)  Thus, Tesla has not been served with a copy of the operative pleading, and

26   service has not been properly effectuated pursuant to Rule 4.  On this basis, Plaintiff's FAC should be

27   dismissed pursuant to Rule 12(b)(5).

28

1  **IV.    LEGAL ARGUMENT – MOTION TO DISMISS**

2      **A.    Legal Standard Re Motion to Dismiss Under Rule 12(b)(6)**

3          To meet the pleading requirements of Federal Rule of Civil Procedure 8(a)(2), a plaintiff must

4  allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v.*

5  *Twombly*, 550 U.S. 544, 555, 570 (2007).  If the allegations do not move the claim "across the line

6  from conceivable to plausible," the claim must be dismissed pursuant to Rule 12(b)(6).  *Id*. at 570.

7  Plausible allegations are not conclusions; the allegations must be specific enough to provide the

8  "grounds upon which the claim rests."  *Id*. at 555; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

9  ("The pleading standard . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me

10  accusation.")  In other words, the facts alleged must demonstrate "more than labels and conclusions,

11  and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. 544,

12  555 (2007). "Threadbare recitals of the elements of a cause of action" and "conclusory statements"

13  are inadequate. *Iqbal,* 556 U.S. at 678; *see also Epstein v. Wash. Energy Co.,* 83 F.3d 1136, 1140 (9th

14  Cir. 1996) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a

15  motion to dismiss for failure to state a claim."). "The plausibility standard is not akin to a probability

16  requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . .

17  When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of

18  the line between possibility and plausibility of entitlement to relief." *Iqbal,* 556 U.S. at 678 (quoting

19  *Twombly,* 550 U.S. at 557) (internal citations omitted).  Further, while the pleadings of *pro se* plaintiffs

20  are more liberally construed, *pro se* plaintiffs are still held to the pleading standards set forth in *Iqbal*

21  and *Twombly*.  *Johnson v. Lucent Techs, Inc.*, 653 F. 3d 1000, 1010-11 (9th Cir. 2011).

22          Dismissal without leave to amend is appropriate where the complaint cannot be cured by

23  alleging other facts.  *In re Broderbund/Learning Co. Securities Litigation*, 294 F.3d 1201, 1203 (9th

24  Cir. 2002).  A claim for relief may be dismissed without leave to amend under Rule 12(b)(6) where it

25  appears that no set of facts can support plaintiff's claim for relief.  *Durning v. First Boston Corp.*, 815

26  F.2d at 1267.  A complaint may be dismissed as a matter of law for two reasons: (1) lack of a

27  cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica*

28  *Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).  Once a plaintiff has been given leave to amend,

1   the trial court has "particularly broad" discretion to dismiss without leave to amend in response to a

2   further well-taken Rule 12(b)(6) motion.  *Chodos v. West Publishing Co., Inc.*, 292 F.3d 992, 1003

3   (9th Cir. 2002).  Notwithstanding the liberal construction of a *pro se* plaintiff's pleadings, courts can,

4   and do, regularly dismiss without leave to further amend the pleadings of a *pro se* plaintiff who, after

5   just one attempt to amend in order to follow the guidance of a court, still fails to submit a complaint

6   which meets the *Iqbal/Twombly* standard.  *See, e.g., Blackwell v. Wells Fargo Home Mortgage, Inc.*,

7   No. CV-10-04917-JF, 2011 WL 2443692, at *2-3 (N.D. Cal. June 16, 2011) *19 (unpublished).

8           **B.      Plaintiff's Defamation Claim Should Be Dismissed**

9           In order to state a claim for defamation, Plaintiff must prove (1) false non-privileged

10  publication of a statement of fact (rather than opinion) that exposes the plaintiff to injury or ridicule;

11  (2) damage to the plaintiff's reputation; and (3) causation.  Cal. Civ. Code §§ 44-46.  Even a false,

12  defamatory statement cannot form the basis for a defamation claim if the statement is privileged.  Cal.

13  Civil Code § 47(c).  Under the "common interest" privilege, a statement is privileged if, *inter alia*, it

14  is made without malice, to a person interested therein by one who is also interested.  *Id*.  Statements

15  made in the employment context are subject to such privilege.  *See, e.g., Williams v. Taylor*, 129 Cal.

16  App. 3d 745, 752 (1982) (holding that common business interest applied and that all plaintiff-related

17  statements made by defendants concerned the reasons for plaintiff's termination and "were of a kind

18  reasonably calculated to protect or further a common interest of both the communicator and the

19  recipient"); *Deaile v. Gen. Tel. Co. of Cal.*, 40 Cal. App. 3d 841, 847 (1974) (communication of

20  grounds for plaintiff's termination was privileged when it was disseminated only to plaintiff's superiors

21  and to employees worked at the facility plaintiff had managed).  Plaintiff's dispute as to the accuracy

22  of the allegedly defamatory statements does not, on its own, undermine a finding of privilege.  *See*

23  *Kashian v. Harriman*, 98 Cal. App. 4th 892, 932 (2002).

24          Here, Plaintiff alleges that he was defamed when a "Sandy Malloy," who is employed by

25  Balance Staffing, mistakenly informed him that he "recorded a supervisor against California penal

26  code," which led to his termination.  (*See* FAC, 9:18-10:7.)  Even if Plaintiff's allegations are true,

27  this purported false statement fails to state a claim for defamation against Tesla as a matter of law.

28          First, Plaintiff has not identified anyone employed by or acting on behalf of Tesla who

5

purportedly defamed him.  <u>Second</u>, even if he did, any statement made within the context of Plaintiff's working relationship regarding his conduct towards a supervisor would be privileged and, thus, cannot form the basis for a defamation claim.  *See, e.g., Williams,* 129 Cal. App. 3d at 752; *Deaile*, 40 Cal. App. 3d at 847.  Accordingly, Plaintiff's defamation claim against Tesla should be dismissed.

### C.     Plaintiff's Wage Claims Should Be Dismissed

Plaintiff alleges two causes of action for unpaid wages pursuant to the California Labor Code and Fair Labor Standards Act, respectively.[2]  (FAC, 17:3-32:21.)  Plaintiff claims to be owed regular and overtime wages but fails to plead any facts that can establish the basis for same.  (*Id.*)  For example, Plaintiff claims that he was paid "two sets of checks, two sets of transaction numbers, each check possessing a unique number representing a different wage (check), and all printed with [his] social security number, full name, George J. Austin, permanent address, etc." but does not identify the specific hours worked, services performed, category of wages owed, and sums for each that are missing from these checks.  (FAC, 19:9-20; 29:1-17.)  Rather, he asserts in conclusory fashion that "approximately $25,000, should have been paid immediately, upon request," and that "[t]he veracity of these wages have been independently confirmed via a Wage Affidavit by an independent State Government Auditing Agency."  (*Id.*)  Plaintiff fails to attach the Wage Affidavit or provide any further details regarding same.  (*Id.*)  Likewise, Plaintiff claims that he is entitled to unpaid overtime wages but does not allege any facts in support thereof.  (FAC, 19:15-20:4; 29:1.)

Even assuming *arguendo* that Plaintiff sufficiently plead these claims, they still fail against Tesla because Plaintiff acknowledges that Tesla did not pay his wages.  (*See* FAC 5:5-6.)  Plaintiff admits that "all pay went through Personnel (MVP/Balance Organizations)" and that "legal liability for both sets of wages, and other liability incurred, rests in the parent Company, MVP Personnel, headquartered in Illinois."  (FAC 6:9-10, 19-20.)  Plaintiff's wage claims against Tesla, thereby, fail.

---

[2] To the extent that Plaintiff is attempting to bring his California wage claims pursuant to the Private Attorneys General Act ("PAGA"), he cannot do so because he has failed to plead compliance with PAGA's pre-filing notice and exhaustion requirements to include giving written notice to the Labor & Workforce Development Agency and Defendants via certified mail.  (FAC, 25:13-26:3); Cal. Lab. Code § 2699.3; *see also Alcantar v. Hobart Serv.,* 800 F. 3d 1047, 1057 (9th Cir. 2015); *Williams v. Superior Court*, 3 Cal. 5th 531, 545-46 (2017).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### D.    Plaintiff's Conversion Claim Should Be Dismissed

Under California law, conversion refers to "an actual interference with [a plaintiff's] ownership or right of possession." *Moore v. Regents of Univ. of Cal.*, 51 Cal. 3d 120, 136 (1990).  To establish a claim of conversion, Plaintiff must show: "(1) his ownership or right to possession of the property; (2) Tesla's conversion by wrongful act inconsistent with the property rights of the plaintiff; and (3) damages." *In re Emery*, 317 F.3d 1064, 1069 (9th Cir. 2003) (*citing Burlesci v. Petersen*, 68 Cal. App. 4th 1062 (1998)).  The California Supreme Court has specifically held that the state does not recognize claims for conversion of wages, particularly in light of the numerous other protections and remedies available to employees seeking unpaid wages. *Voris v. Lampert,* 7 Cal. 5th 1141, 1149 ("no precedential decision of any California court to date has authorized a conversion claim based on the nonpayment of wages").

Here, in support of his conversion claim, Plaintiff alleges to have suffered "damages with an immediate and direct known amount of approximately $25,000" for unpaid wages.  (FAC, 38:7-9). Because this is not a valid basis for his conversion claim as a matter of law, Plaintiff's claim should be dismissed on this basis alone.  In addition, even assuming *arguendo* that his claim was not prohibited by law, Plaintiff's claim for conversion fails for the same reasons that his wage claims fail. *See* Section III(C), *supra*.

### E.    Plaintiff's Breach of Contract Claim Should be Dismissed

Plaintiff's breach of contract claim is premised on the baseless and conclusory assertion that he was entitled to continued employment absent "good cause" for his termination.  (FAC 45:1-10.) Plaintiff's claim fails in both law and fact.

First, as a preliminary matter, all employment in California is presumed to be "at-will" unless the parties agree otherwise. Cal. Lab. Code. § 2922; *see also Schneider v. TRW, Inc.,* 938 F.2d 986, 990 (9th Cir. 1991) ("California law presumes that employment is at will unless the parties have made an 'express oral or written agreement specifying the length of employment or the grounds for termination.'") (*quoting Foley v. Interactive Data Corp.*, 47 Cal. 3d 654, 677 (1988)).  Here, Plaintiff fails to plead any facts specifying the length of employment or the grounds for termination to overcome this presumption.  (*See generally* FAC, 44:20-45:10).

1    <u>Second</u>, Plaintiff asserts that "the Implied and Express Good Cause clause was evident in

2    written, and oral word from the very beginning of training, and continued indeed throughout the time

3    working in a multitude of ways" but fails to articulate any specific facts in support thereof.  (FAC,

4    45:4-6.)  Indeed, Plaintiff's only "facts" consist of his vague, insufficient, and unintelligible assertions

5    that "[f]rom the top down the reason for emphasis on attendance, PPE, and other policies and

6    procedures from employees, and human resource handbooks, to which [he] took heed (and extra care)

7    and was commended for, were expression of Good Clauses express or implied."  (FAC, 45:6-10.)

8    These allegations are insufficient to survive a motion to dismiss.

9        <u>Third</u>, based upon Plaintiff's own admissions that "100% of the training, operations, and

10    management occurred, via an intermediary Staffing organization" and only "(MVP and Balance)

11    directly paid wages to Plaintiff for work performed," Tesla did not and could not have entered into an

12    employment contract with Plaintiff.  (*See* FAC 5:2-6.)

13        For these reasons, Plaintiff's claim for breach of contract against Tesla fails.

14    **F.    Plaintiff's Fraudulent Misrepresentation and Fraudulent Concealment Claims Should Be Dismissed**

15        Plaintiff's claims for fraudulent misrepresentation and fraudulent concealment are based on

16    contract principles that are wholly inapplicable in the context of at-will employment and should be

17    dismissed on that basis alone.  *See* Section IV(E), *supra*; *see also Buxton v. Eagle Test Sys., Inc*, No.

18    CV 08-04404 RMW, 2011 WL 1522393 at *4 (N.D. Cal. Apr. 21, 2011) (plaintiff cannot rely on oral

19    representations that contradict at-will employment terms); *Slivinsky v. Watkins-Johnson Co.*, 221 Cal.

20    App. 3d 799, 806-807 (1990) (same).

21        In addition, Plaintiff has failed to sufficiently plead the elements of fraud that will give rise to

22    a tort action: "(a) misrepresentation (false representation, concealment, or nondisclosure); (b)

23    knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable

24    reliance; and (e) resulting damage" as a result of the fraud.  *Engalla v. Permanente Medical Group,*

25    *Inc.*, 15 Cal. 4th 951, 974 (1997); Cal. Civ. Code 1710(1); 1572.  In alleging fraud, a party must state

26    with particularity the circumstances constituting fraud.  *Davidson v. Kimberly-Clark Corporation*, 889

27    F.3d 956, 964 (9th Cir. 2018).  To properly plead fraud with particularity under Fed. R. Civ. Proc,

28

Rule 9(b), "a pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false." *Id.*

Here, Plaintiff alleges that "[t]here were a series of multiple misrepresentations, outright lies, and fraudulent claims intended to take, steal, and deprive Plaintiff" and that "Defendants collectively withheld, or lied directly, about vital information in a decision making capacity to wrongfully withhold wages, initiate negative employment actions, ultimately wrongful termination, and prevent subsequent employment of Plaintiff," but fails to provide any details regarding same. (FAC 48:17-21; 52:4-6.) His only facts consist of his allegations that: (1) his recording of a supervisor was "[a] fundamental lie, or misrepresentation," and (2) he was told that "the second group of checks/wages did not exist, when they clearly were already made out in [his] name, with [his] social security number, and ready to be cashed/deposited" and "have been proven to exist and likely used by others not Plaintiff (discovery will uncover)."  (FAC 48:16-49:6; 54, 2-9.)  As with the rest of Plaintiff's FAC, his allegations here are exactly the kind of improper generalized allegations that Rule 9 prohibits.  *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1057 (9th Cir. 2011) ("This type of allegation, which identifies a general sort of fraudulent conduct but specifies no particular circumstances of any discrete fraudulent statement, is precisely what Rule 9(b) aims to preclude.").

Notably, Plaintiff also fails to allege any factual allegations of misrepresentations or concealment specifically against Tesla, which is fatal to his claims.  Where, as here, a Complaint alleges fraud against multiple defendants who are alleged to have engaged in different wrongful conduct, Rule 9(b) requires particular averments for *each* defendant.  *See, e.g., Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).  "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud."  *Swartz v. KPMG LLP*, 476 F.3d 756, 764--65 (9th Cir. 2007)(internal quotation marks omitted).  Stated differently, Rule 9(b) requires a plaintiff to "differentiate their allegations" and "inform each defendant separately of the allegations surrounding his alleged

participation in the fraud." *Id*. at 764-65.  Because Plaintiff's allegations fall far short of the sufficient

particularity standard for fraud claims, they should be dismissed.

### G. Plaintiff's Tortious Interference Claim Should Be Dismissed

Plaintiff's claim for tortious interference with economic advantage and contractual relations

similarly fails because he has not established that a valid contract existed between him and Tesla—

much less a future contract between him and Tesla.  *See* Section IV(E), *supra*.  In order for Plaintiff to

state a claim for intentional interference with economic advantage or contractual relations, Plaintiff

must not only establish the existence of a relationship or valid contract between plaintiff and a third

party, but must establish Tesla's knowledge of this relationship or contract; its intentional acts

designed to induce a breach or disruption of that relationship or contract; actual breach or disruption

of thar relationship or contract; and resulting damage.  *Roy Allan Slurry Seal, Inc. v. American Asphalt

South, Inc.* 2 Cal. 5th 505, 512 (2017); *Pacific Gas & Electric Co. v. Bear Stearns & Co.*, 50 Cal. 3d

1118, 1126 (1990).

Here, Plaintiff's one-sentence assertion that "Plaintiffs and Defendants were in an existing

contract as evidence by work relationships, payroll, and IDs/Badges" is woefully inadequate to

establish a contract between Plaintiff and Tesla. (FAC 60:7-8).  Plaintiff's further assertions, without

any facts whatsoever, that he "was on the verge of entering into new contractual and

economic/business relations directly with Tesla outside of the intermediaries" is equally deficient.

(FAC 59:20-60:1).

Moreover, to the extent that Plaintiff's claim is that the intermediaries (staffing agencies)

induced a breach or disrupted his purported contract or future contract with Tesla, that claim goes to

the conduct of the staffing agencies (and not Tesla), which forms another basis for dismissal of this

claim against Tesla.

Finally, Plaintiff's remaining conclusory allegations that "the relationship was severely

disrupted by Defendant tortious, and reckless, at best, behavior" and "was harmed by the tortious

interference resulting in negative employment action, and ultimately, discharge" (FAC 62:13-20.)

exemplifies the kind of "threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements" that won't survive in the post-*Iqbal* world.  *See Iqbal*, U.S. at 678.  Thus,

1   Plaintiff's claims for tortious interference with economic and contractual relations must be dismissed.

2        **H.**     **Plaintiff's Whistleblower Claim Should Be Dismissed**

3        Plaintiff's whistleblower retaliation claims pursuant to California Labor Code, FLSA, and

4   Sarbanes-Oxley Act ("SOX") fail because he does not sufficiently plead facts that constitute protected

5   activity that is protected by these statutes.  Plaintiff alleges, in conclusory fashion, that he: (1) "noticed

6   wage, communication, operations, safety employer issues, and attendance record discrepancies" and

7   "notified all involved organizations and persons responsible [] for correction;" (2) "inquired, at

8   multiple levels, and then formally, and informally complained of violations of labor, and other laws,

9   to multiple levels of all defendant organizations including directly to Elon Musk;" and (3) "also

10  followed up with respective government agencies to register the complaint, and get follow up."  (FAC

11  6:15-18, 79:1-4).  As discussed in further detail below, without providing any details regarding the

12  alleged violations of law and complaints to include the nature and time frame of those violations and

13  complaints; the individual actors involved; the agencies to whom such purported complaints were

14  raised; and/or their response, such conclusory allegations are not enough to establish that he engaged

15  in protected activity—much less establish that he was retaliated as a result thereof.

16       <u>First</u>, to qualify as protected activity pursuant to the Sarbanes-Oxley retaliation claim, "an

17  employee's communications must *definitively and specifically* relate to one of the listed categories of

18  fraud or securities violations under 18 U.S.C. § 1514A(a)(1)." *Van Asdale v. Int'l Game Tech*., 577

19  F.3d 989, 996-97 (9th Cir. 2009) (emphasis added).  The anti-retaliation provision protects employees

20  of publicly traded companies who raise concerns about mail fraud, wire fraud, bank fraud, shareholder

21  fraud, and securities violations.  *Id*. (*citing* 18 U.S.C. § 1514A(a)(1)).  Because Plaintiff fails to allege

22  any concerns regarding mail, wire, bank or shareholder fraud, and other securities violations, he cannot

23  have engaged in any activity that could be considered protected under SOX.

24       <u>Second</u>, to qualify as protected activity pursuant to California Labor Code section 1102.5,

25  Plaintiff must have disclosed information to a government or law enforcement agency that he had

26  reasonable cause to believe that the information disclosed a violation of state or federal statute, or a

27  violation or noncompliance with a state or federal rule or regulation.  Cal. Lab. Code § 1102.5.

28       To qualify as protected activity pursuant to the California Labor Code section 98.6, Plaintiff

must have "filed a bona fide complaint or claim or instituted or caused to be instituted any proceeding under or relating to his or her rights that are under the jurisdiction of the Labor Commissioner, made a written or oral complaint that he or she is owed unpaid wages, [..] initiated any action or notice pursuant to Section 2699, [...] has testified or is about to testify in a proceeding pursuant to that section, or because of the exercise by the employee [...] on behalf of himself, herself, or others of any rights afforded him or her."  Cal. Lab. Code § 98.6(a).

To qualify as protected activity pursuant to California Labor Code section 6310, Plaintiff must have "(1) [m]ade any oral or written complaint" to any "governmental agencies having statutory responsibility for [...] employee safety or health, his or her employer, or his or her representative;" "(2) [i]nstituted or caused to be instituted any proceeding under or relating to his or her rights or has testified or is about to testify in the proceeding or because of the exercise by the employee on behalf of himself, herself, or others of any rights afforded him or her; (3) [p]articipated in an occupational health and safety committee established pursuant to Section 6401.7; [or] (4) [r]eported a work-related fatality, injury, or illness, requested access to occupational injury or illness reports and records [...] except in cases where the employee alleges he or she has been retaliated against because he or she has filed or made known his or her intention to file a workers' compensation claim pursuant to Section 132a, which is under the exclusive jurisdiction of the Workers' Compensation Appeals Board."[3]  Cal. Lab. Code § 6310(a).

Here, Plaintiff's conclusory allegations that he "complained of violations of labor, and other laws" and "followed up with respective government agencies to register the complaint," fail to establish that Plaintiff sufficiently engaged in any protected activity protected by any of these Labor Code provisions.  (FAC 79:1-4.).

Third, to qualify as protected activity pursuant to the FLSA anti-retaliation provision, Plaintiff must have "filed any complaint or instituted or caused to be instituted any proceeding under or related

---

[3] To the extent that Plaintiff seeks to bring a claim under Labor Code section 132a based upon his workers' compensation claim, such claims are subject to the "exclusive jurisdiction of the Workers' Compensation Appeals Board," and, thus, the Court has no jurisdiction over this claim.  Cal. Lab. Code § 6310(a)(4); *City of Moorpark v. Superior Court*, 18 Cal. 4th 1143, 1155-56 (1998).

4838-7489-1216.v5

1   to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about

2   to serve on an industry committee." 29 U.S.C. § 215 (a)(3).  Although Plaintiff did file a Complaint

3   alleging a violation of the FLSA, it was filed *after* he was terminated, and as such, cannot form the

4   basis for this retaliation claim.

5           For the foregoing reasons, Plaintiff's whistleblower retaliation claim must be dismissed.

6   **I.      Plaintiff's Wrongful Termination Claim Should Be Dismissed**

7           A claim for wrongful termination in violation of public policy requires Plaintiff to establish

8   that his termination of employment violated a fundamental public policy.  *Tameny v. Atlantic Richfield*

9   *Co.*, 27 Cal.3d 167 (1980).  Here, Plaintiff fails to meet this burden because his wrongful termination

10  claim is derivative of his breach of contract and whistleblower retaliation claims, which similarly fail

11  (FAC 72:12-74:7); *see* Sections (IV)E and H, *supra*.  As such, his wrongful termination claim should

12  be dismissed.

13  **V.     LEGAL ARGUMENT – MOTION TO STRIKE**

14  **A.      Legal Standard Re Motion to Strike**

15          Federal Rule of Civil Procedure 12(f) provides in pertinent part that a "court may strike from

16  a pleading […] any redundant, immaterial, impertinent, or scandalous matter," either on its own

17  motion or upon motion by a party.  Fed. R. Civ. Proc., Rule 12(f).  The function of a 12(f) motion is

18  "to avoid the expenditure of time and money that must arise from litigating spurious issues by

19  dispensing with those issues prior to trial."  *Whittlestone, Inc. v. Handi-Craft Co*., 618 F.3d 970, 973

20  (9th Cir. 2010).  "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and

21  money that must arise from litigating spurious issues by dispensing with those issues prior to trial."

22  *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).  A matter is immaterial if it

23  "has no essential or important relationship to the claim for relief or the defenses being pleaded."

24  *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517

25  (1994).  A matter is impertinent if it consists of statements that do not pertain and are not necessary to

26  the issues in question.  *Id*.  The moving party need not show that the material is prejudicial if granting

27  the motion would streamline the ultimate resolution of the action.  *Fogerty*, 984 F.2d at 1528.

28

**B.    The Court Should Strike The Unauthenticated Exhibits To Plaintiff's Complaint**

Plaintiff has included, without reference or authentication, approximately 35 pages of photographs, screenshots, and personal documents at the end of his FAC (FAC 99-133).  Defendant respectfully requests that these documents be stricken, as they are not properly authenticated.  In fact, Plaintiff has made no attempt to authenticate or explain such documents, does not rely on or refer to them in his Complaint, or otherwise request that the Court take judicial notice of such documents (which, in any event, are not the types of documents appropriately subject to a request judicial notice).  The Court has inherent discretion to strike unauthenticated exhibits from a Complaint.  *See, e.g., Beyene v. Coleman Sec. Servs., Inc.,* 854 F.2d 1179, 1181 (9th Cir. 1988) ("[a]uthentication is a condition precedent to admissibility").  Accordingly, the Court should do so here.

**C.    The Court Should Strike Plaintiff's "Side Notes on Fed Pro Bono Project"**

Plaintiff includes in his FAC a section entitled "Sides Note on Fed Pro Bono Project" regarding Plaintiff's legal consultation with a pro bono organization.  (FAC 2:15-3:4.)  The statements contained therein are immaterial and impertinent to the underlying factual allegations and causes of action contained in Plaintiff's FAC, and may implicate the attorney-client privilege.  *See McCoy v. Kazi*, 2010 WL 11465179, at *13 (C.D. Cal. Aug. 27, 2010) (explaining that the attorney-client privilege "protects confidential communication made during initial consultations with an attorney") (*quoting People v. Gionis*, 9 Cal. 4th 1196, 1210 (1995)).  For this reason, Defendant respectfully requests that the Court strike this language from Plaintiff's FAC.

**D.    The Court Should Strike Plaintiff's Duplicative Descriptions of Himself**

Plaintiff refers to himself at least eleven times in the SAC as follows:  "Plaintiff (University of California, Berkeley Graduate (09'), Honors Student, Bay Area Housing Commission, Alum, NAACP National Representative, and Local Youth and College President, Alum, California Senate, Capital Fellows, Senate Fellows Top 10 out of 800+ Nationally Ranked, Alum (13'), UCLA Law, and Anderson Riordan MBA Fellows, Alum (08'), 13') T-14 Law Student, as well as others) and Attorney of Record, Mr. George Jarvis (J.) Austin, esq. (TBA)."  (*See* FAC 5:6-12; 10:7-12; 17:9-15; 26:10-15; 33:6-12; 39:2-8; 47:19-48:3; 52:6-11; 58:18-59:3; 71:20-72:5; and 75:13-18.)

Plaintiff has not established any relevance for the inclusion of his litany of prior personal

14

affiliations and as such, respectfully requests that this description be stricken from Plaintiff's SAC on each occasion that it appears (as specified in Defendant's Notice of Motion, submitted concurrently herewith).[4]

## VI.   CONCLUSION

For all of the foregoing reasons, Defendant respectfully requests that the Court grant its motion in its entirety and dismiss Plaintiff's SAC without leave to amend.   In the alternative, Defendant respectfully requests that the statements and exhibits identified herein be stricken from Plaintiff's SAC.

Dated:  November 12, 2020                          PILLSBURY WINTHROP SHAW PITTMAN LLP

                                                                   */s/ Jean F. Kuei*

                                                           By:    JEAN F. KUEI
                                                                   ANDREA R. MILANO

                                                                   Attorneys for  Defendant TESLA, INC.
                                                                   D/B/A IN CALIFORNIA AS TESLA
                                                                   MOTORS, INC. (erroneously sued as
                                                                   TESLA, INC.

---

[4] Alternatively, Defendant requests that all but the first instance of this description, which appears in Section C (FAC 5:2-13), be stricken on the basis that the additional ten recitations are unnecessarily duplicative and repetitive.

15

DEF TESLA, INC.'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, STRIKE PLTF'S FAC