1  MICHAEL A. LAURENSON  (SBN:  190023)
   mlaurenson@grsm.com
2  PAMELA Y NG (SBN:  273036)
   png@grsm.com
3  GORDON REES SCULLY MANSUKHANI, LLP
   275 Battery Street, Suite 2000
4  San Francisco, CA 94111
   Telephone:  (510) 463-8668
5  Facsimile:  (415) 986-8054

6  Attorneys for Defendants
   BALANCE STAFFING WORKFORCE, LLC (erroneously sued as Balance Staffing) and
7  PERSONNEL STAFFING GROUP, LLC (erroneously sued as MVP PERSONNEL STAFFING GROUP)
8

9                    UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11

12 GEORGE J. AUSTIN, an individual              ) CASE NO.  3:20-cv-00800-EMC
                                                )
13                        Plaintiff,            ) **DEFENDANT PERSONNEL**
                                                ) **STAFFING GROUP, LLC'S**
14      vs.                                     ) **NOTICE OF AND**
                                                ) **MEMORANDUM OF POINTS**
15 TESLA, INC., et al.,                         ) **AND AUTHORITIES IN SUPPORT**
                                                ) **OF MOTION TO STRIKE**
                         Defendants.            ) **PLAINTIFF'S SECOND**
16                                              ) **AMENDED COMPLAINT, AND**
                                                ) **JOINDER IN DEFENDANT**
17                                              ) **TESLA'S MOTION TO DISMISS**
                                                ) **OR STRIKE PORTIONS OF**
18                                              ) **PLAINTIFF'S FIRST AMENDED**
                                                ) **COMPLAINT**
19                                              )
                                                ) **DEFENDANT TESLA'S MOTION**
20                                              ) **TO DISMISS HEARING**
                                                )
21                                              ) Date:  December 17, 2020
                                                ) Time:  1:30 p.m.
22                                              ) Courtroom:  5
                                                ) Judge:  Edward M. Chen
23

24         TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

25         PLEASE TAKE NOTICE THAT on December 17, 2020 at 1:30 p.m., or as soon

26 thereafter as the matter may be heard in the above-entitled Court, located at 450 Golden Gate

27                                           -1-
   DEFENDANT PERSONNEL STAFFING GROUP, LLC'S NOTICE OF AND MPA IN SUPPORT OF MOTION
28 TO STRIKE, AND JOINDER IN DEFENDANT TESLA'S MOTION TO DISMISS OR STRIKE PORTIONS OF
   PLAINTIFF'S FIRST AMENDED COMPLAINT Case No. 3:20-cv-00800-EMC

1  Avenue, San Francisco, CA 94102, Defendant PERSONNEL STAFFING GROUP, LLC
2  (erroneously sued as MVP PERSONNEL STAFFING GROUP) ("PSG") will and hereby does
3  join in the Motion to Dismiss, or in the Alternative, Motion to Strike filed by Defendant TESLA,
4  INC. D/B/A IN CALIFORNIA AS TESLA MOTORS, INC. (erroneously sued as TESLA, INC.)
5  ("Tesla") with respect to the ten causes of action in Plaintiff GEORGE AUSTIN's First
6  Amended Complaint ("FAC"), which causes of action are plead against both PSG and Tesla.
7  PSG respectfully requests that any relief ordered by the Court with regard to those causes of
8  action be ordered in favor of Tesla as well on the grounds that Plaintiff fails to state in those
9  causes of action a claim upon which relief can be granted under Federal Rules of Civil
10 Procedure, Rule 12(b)(6).

    1. Defendant PSG joins Defendant Tesla's Motion to Dismiss regarding the first cause of action for defamation, fourth cause of action for conversion, ninth cause of action for wrongful termination, and tenth cause of action whistleblower retaliation on identical grounds.

    2. Defendant PSG joins Defendant Tesla's Motion to Dismiss regarding the second and third causes of action for non-payment of wages under the California Labor Code and Fair Labor Standards Act on the grounds that he failed to plead any facts to establish such claims and asserted only conclusory statements.

    3. Defendant PSG joins Defendant Tesla's Motion to Dismiss regarding the fifth cause of action for breach of contract on the grounds that Plaintiff failed to assert any facts to overcome the presumption that his employment was "at-will" and the only "facts" asserted are vague, insufficient and unintelligible assertions.

    4. Defendant PSG joins Defendant Tesla's Motion to Dismiss regarding the sixth and seventh causes of action for fraudulent misrepresentation and fraudulent concealment on the grounds that such claims are based on contract principles that are wholly inapplicable in the context of at-will employment; Plaintiff failed to

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

sufficiently plead with particularity the circumstances constituting fraud; and Plaintiff failed to allege any factual allegations of misrepresentation or concealment specifically against PSG.

5. Defendant PSG joins Defendant Tesla's Motion to Dismiss regarding the eighth cause of action for tortious interference on the grounds that he failed to establish a contract between him and PSG, failed to establish knowledge by PSG of an existing or future contract between him and a third party, and otherwise asserted only conclusory allegations.

PLEASE TAKE FURTHER NOTICE THAT on the date and time, and at the location, set forth above, PSG will and hereby does move the Court for a further Order under Federal Rules of Civil Procedure, Rule 12(f), to strike Plaintiff's Second Amended Complaint in its entirety, on the grounds that Plaintiff failed to obtain leave to amend as required by Federal Rules of Civil Procedure, Rule 15(a).

PSG's joinder and motion are based on this notice, the accompanying memorandum of points and authorities, all pleadings and papers on file in this action, and oral argument as may be presented to the Court.

Dated:  November 19, 2020

GORDON REES SCULLY MANSUKHANI, LLP

By: _____
Michael A. Laurenson
Pamela Y Ng
Attorneys for Defendants
BALANCE STAFFING WORKFORCE, LLC AND PERSONNEL STAFFING GROUP, LLC

## I. PROCEDURAL HISTORY

Plaintiff filed his initial Complaint on February 3, 2020. (Docket No. 1.) On May 6, 2020, the Court, *sua sponte*, issued its Report and Recommendations dismissing Plaintiff's Complaint. (Docket No. 12.) On July 6, 2020, the Court adopted the Report and Recommendations, dismissing three of Plaintiff's original claims without leave to amend, providing him leave to amend his remaining nine claims. (Docket No. 19.) By the time the Court issued its Order adopting the Report and Recommendation, Plaintiff had already filed a First Amended Complaint ("FAC"), which the Court allowed to proceed. (Docket No. 18). In the FAC, Plaintiff has asserted claims for: (1) Defamation, (2) Non-Payment of Wages – California Labor Code, (3) Non-Payment of Wages – Fair Labor Standards Act, (4) Conversion, (5) Breach of Contract, (6) Fraudulent Misrepresentation, (7) Fraudulent Concealment, (8) Tortious Interference, (9) Wrongful Termination in Violation of Public Policy, and (10) Whistleblower Retaliation in violation of the Sarbanes-Oxley Act, the Fair Labor Standards Act, and the California Labor Code. (Docket No. 18.)

On August 30, 2020, Plaintiff filed an ex parte application regarding a Motion for Joinder of Necessary Party, seeking to add the California Employment Development Department ("EDD") as a defendant. (Docket No. 25.) The Court set a briefing schedule for the ex parte application (Docket No. 26), but the docket shows no entry indicating that the ex parte application or Motion for Joinder was ever heard or granted.

On September 15, 2020, Plaintiff filed a Second Amended Complaint ("SAC") (Docket No. 28), adding the EDD as an additional defendant and three causes of action: (11) Civil Rights Due Process, (12) Physical Disability Discrimination, and (13) Breach of Insurance Contract. To date, the Court has not granted leave for Plaintiff to file the SAC.

Defendant PSG was served the summons and the SAC on October 29, 2020.

## II. LEGAL ARGUMENT – MOTION TO STRIKE

### A. Legal Standard Regarding Motion to Strike

Federal Rule of Civil Procedure 12(f) provides in pertinent part that a "court may strike from a pleading […] any redundant, immaterial, impertinent, or scandalous matter," either on its own motion or upon motion by a party. Fed. R. Civ. Proc., Rule 12(f). The function of a 12(f) motion is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010); *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

Federal Rule of Civil Procedure, Rule 15(a) allows a "party may amend its pleading once as a matter of course within: . . . (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. Proc., Rule 15(a)(1)(B). After a party has amended its pleading once as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. Proc., Rule 15(a)(2).

### B.   The Court Should Grant the Motion to Strike Plaintiff's SAC

Here, Plaintiff filed his First Amended Complaint on June 26, 2020 following the Court's Report and Recommendations that dismissed Plaintiff's initial Complaint. Although Plaintiff filed a Motion for Joinder of Necessary Party in an attempt to add the EDD as a defendant, this Motion had not been heard or granted. Plaintiff made no other attempt to seek leave from the Court to file another amended Complaint. Further, he did not show that he had written consent from PSG to file the SAC. Because the SAC is not the operative complaint, the entire complaint is immaterial. Thus, the SAC should be stricken in its entirety.

## III.   CONCLUSION

For the foregoing reasons, Defendant PSG respectfully requests the Court grant its Motion to Strike Plaintiff's SAC. Further, for the reasons cited in Tesla's motion to dismiss, Defendant PSG respectfully requests that Plaintiff's FAC be dismissed with prejudice and without leave to amend. In the alternative, Defendant PSG respectfully requests that the statements and exhibits

-5-

1  identified herein be stricken from Plaintiff's FAC.

2  Should the Court deny this Motion to Strike the SAC, Defendant PSG respectfully requests
3  the opportunity to submit a responsive pleading to the SAC within 14 days after it becomes the
4  operative complaint.

Dated:  November 19, 2020

GORDON REES SCULLY MANSUKHANI, LLP

By: _____
Michael A. Laurenson
Pamela Y Ng
Attorneys for Defendants
BALANCE STAFFING WORKFORCE, LLC AND PERSONNEL STAFFING GROUP, LLC