George Jarvis (J).. Austin, esq. (TBA)  12/05/20
Austin v. Tesla, et. al. Case # 3:20-cv-00800
240 E. Channel St. #1354 Stockton, CA 95202

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE J. AUSTIN, Plaintiff, | RETALIATION NOTICE |
| | Re: Dkt. Nos. 43, 45, 50-54 |
| v. | |
| TESLA., et al., Defendants. | |
| Case No. 3:20-cv-00800 | |

1. United States Ninth Circuit District Court
Retaliation Notice:

George Jarvis (J).. Austin, esq. (TBA)  12/05/20
Austin v. Tesla, et. al. Case # 3:20-cv-00800
240 E. Channel St. #1354 Stockton, CA 95202

Pursuant to Rule 26 *Duty to Disclose; General Provisions Governing Discovery,* Rule 56(c), and Rule 44 *Proving an Official Record,* Plaintiff moves to file Notice of previously filed Whistleblower Retaliation Affidavit, which includes material facts, and proof, of subsequent retaliation with "after the fact" Defamatory (per se) statements utilized as the basis for negative, and retaliatory, employment action.  This also provides notice of material facts from previously described series of Health and Safety risks reported to the internal Safety Committee.  The Committee was impressed, said so explicitly in writing, and wanted to meet Plaintiff in person to hear more about his safety suggestions, but was apparently intentionally blocked by some of management.  The suggestions were not only designed to prevent future injury, but were partially based on my direct experiences, and testimonies of Tesla employees, being injured, or near injured on the job (as well as some broader research included as exhibits).   Three of which are included here:

1. *Workplace Fairness It's Everyone's Job Hiding Injuries at Tesla - Where The Worker Still Doesn't Matter*

2. *CNBC - California agency probing Tesla on occupational safety*

Due to lack of corrective measures, by Tesla, Plaintiff suffered on the job injury, received multiple treatments in Tesla Clinic, which required amended work schedule, and Plaintiff is still not healed from that injury, yet, and to date, has never received any worker's compensation.  See *Austin v. Atlina, et. al. 4:20cv6363*.  To make matters worse not only was Plaintiff injured, and

George Jarvis (J).. Austin, esq. (TBA)  12/05/20
Austin v. Tesla, et. al. Case # 3:20-cv-00800
240 E. Channel St. #1354 Stockton, CA 95202

kept working through injury based on Tesla's clinic recommendation, without receiving worker's compensation, but was still retaliated against beyond that point (and is still suffering from injury).

Unfortunately, for Defendants, they retaliated not only to the multiple labor code complaints Plaintiff submitted to appropriate authority, but also retaliated against complaints (and potential solutions) regarding Health and Safety Code which whistleblower protections in California have some of the strongest in the U.S., and the World.  The retaliation under respective Health and Safety Code is not only triggered by complaints, suggestions, and solutions by Plaintiff, George J. Austin, Esq. (TBA). but also by workplace injury dealing with those very suggestions.  This overall pattern of events was extremely strange, by Defendants, with shifting or contradictory explanations for the adverse employment action.  See Clemmons v. Ameristar Airways, Inc., ARB No. 08-067, at 9, ALJ No. 2004-AIR-11 (ARB May 26, 2010) (footnotes omitted).  There are significant material facts, and evidence of after-the-fact explanations for the adverse employment action  including the defamatory statements themselves. "[T]he credibility of an employer's after-the-fact reasons for firing an employee is diminished if these reasons were not given at the time of the initial discharge decision." Id. at 9-10 (footnotes omitted).  The pattern demonstrated both animus or anger towards the employee for engaging in a protected activity, and [sudden] significant, unexplained or systematic deviations from established policies or practices, such as failing to apply a progressive discipline policy to the whistleblower.  See Bobreski v. J. Givoo Consultants, Inc., ARB No. 13-001, ALJ No. 2008-ERA-3 (ARB Aug. 29, 2014).  This pattern included singling out the whistleblower for extraordinary or unusually harsh disciplinary action.

George Jarvis (J).. Austin, esq. (TBA)  12/05/20
Austin v. Tesla, et. al. Case # 3:20-cv-00800
240 E. Channel St. #1354 Stockton, CA 95202

See Overall v. TVA, ARB Nos. 98-111 and 128, slip op. at 16-17 (Apr. 30, 2001), aff'd TVA v. DOL, 59 F. App'x 732 (6th Cir. 2003).

    Further, this is to provide notice of Forthcoming Affidavits relating to liability inducing Retaliation, and Defamation Per Se published statements, and previously filed Amended Complaint already surpassing *Twombly,* and *Iqbal* standards for Judicial Review.  Defendant's Tesla, Balance Staffing, and Personnel Staffing unfortunate, published, completely false, and defamatory, statements, as well as retaliatory behaviors, causing injury, are similar to the behaviors producing **$44,000,000.00,** and **$38,300,000.00** million dollar 'false accusation' defamation per se Jury Awards in both *Gibson Bakery v. Oberlin College*, and in *Cohen v. Hansen,* respectively.   It is also very similar to the underlying causes of action, and facts, producing the **$168,000,000.00** million dollar Jury Award for analogous retaliatory, defamatory, and code violating organizational behaviors in *Chopourian v. Catholic Healthcare West* to Plaintiff's detriment.  Because this very precarious situation has been filled with deceit, retaliation, and very strange happenings, it is unclear who, if any, of the Defendant Parties, are being forthright, at all, but these defamatory statements, and subsequent retaliatory, and negative, employment actions are wrongful, and statements absolutely false.

    Plaintiff, (University of California, Berkeley Graduate (09'), Honors Student, Bay Area Housing Commissioner, Alum, NAACP National Representative, and Local Youth and College President, Alum, California Senate, Capital Fellows, Senate Fellows Top 10 out of 800+ Nationally Ranked, Alum (13'), UCLA Law, and Anderson Riordan MBA Fellows, Alum (08',13'), T-14 Law Student, as well as others), and Attorney of Record, Mr. George Jarvis (J.)

George Jarvis (J).. Austin, esq. (TBA)  12/05/20
Austin v. Tesla, et. al. Case # 3:20-cv-00800
240 E. Channel St. #1354 Stockton, CA 95202

Austin, esq. (TBA) has also tried repeatedly to resolve the issue outside of litigation, but no amenable option, or alternative, was provided by Defendants.   Specifically, Plaintiff exhausted pre-litigation options to try and solve the issue outside of court, avoid any unnecessary litigation, or causes of action, but Defendant employers refused, and further shut down healthy professional, proactive, communication.