George Jarvis (J).. Austin, esq. (TBA)  12/05/20
Austin v. Tesla, et. al. Case # 3:20-cv-00800
240 E. Channel St. #1354 Stockton, CA 95202

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

GEORGE J. AUSTIN, Plaintiff,

EMPLOYMENT CONTRACT, BREACH & RETALIATION NOTICE

Re: Dkt. Nos. 43, 45, 50-57

v.

TESLA., et al., Defendants.

Case No. 3:20-cv-00800

George Jarvis (J).. Austin, esq. (TBA)  12/05/20
Austin v. Tesla, et. al. Case # 3:20-cv-00800
240 E. Channel St. #1354 Stockton, CA 95202

Pursuant to Rule 26 *Duty to Disclose; General Provisions Governing Discovery,* Rule 56(c), and Rule 44 *Proving an Official Record,* Plaintiff moves to file Notice of previously filed material facts and evidence of employment contracts with Defendants Tesla, Personnel Staffing, and Balance Staffing.  The filings include material facts, and proof, of employment contract, complaints, and subsequent retaliation with "after the fact" Defamatory (per se) statements utilized as the basis for negative, and retaliatory, employment action in breach of Labor, Health and Safety Codes, as well as the labor contract itself.  This also provides notice of material facts regarding Labor violations and Intentional Interference with Economic Advantage reporting by Plaintiff, George J. Austin, and various forms of retaliation, with violations including at least $25,000.00 of Plaintiffs wages, and stock/equity awards (approx $20,000.00-$40,000.00 awarded on average to new hires) according to reports & exhibits below, and Vice President of Tesla, awarded as early as September 2019, and would now be valued at $250,000.00- to $500,000.00, based on growth, not including incentives, level ups, promotions, and bonuses (including Continuous Improvements, and others).

 Some exhibits are included here:

*1. Plaintiff's Tesla Employee Badge Issued By Tesla, after training by Tesla, Used to clock in and out of work in Tesla system, and access Tesla facilities*

*2. Plaintiff's Tesla email geaustin07@tesla.com connected to app issued by Tesla to connect with Teams and projects*

*3. Picture by colleague while at work completing Continuous improvements wearing proper PPE (personal protective equipment) issued by Tesla, in Tesla Production at main*

George Jarvis (J).. Austin, esq. (TBA)  12/05/20
Austin v. Tesla, et. al. Case # 3:20-cv-00800
240 E. Channel St. #1354 Stockton, CA 95202

> *headquarters*
>
> *4. Examples of some continuous improvements with quotes from Elon Musk that informed the motivation and creative problem solving behind their thought process (submitted to appropriate committees in relation to Health & Safety, Labor and other code concerns, also).*

Unfortunately, for Defendants, they retaliated not only to the multiple labor code complaints Plaintiff submitted to appropriate authority, but also retaliated against complaints (and potential solutions) regarding Health and Safety Code which whistleblower protections in California have some of the strongest in the U.S., and the World.  The retaliation under respective Health and Safety Code is not only triggered by complaints, suggestions, and solutions by Plaintiff, George J. Austin, Esq. (TBA). but also by workplace injury dealing with those very suggestions.  This overall pattern of events was extremely strange, by Defendants, with shifting or contradictory explanations for the adverse employment action.  See Clemmons v. Ameristar Airways, Inc., ARB No. 08-067, at 9, ALJ No. 2004-AIR-11 (ARB May 26, 2010) (footnotes omitted).  There are significant material facts, and evidence of after-the-fact explanations for the adverse employment action  including the defamatory statements themselves. "[T]he credibility of an employer's after-the-fact reasons for firing an employee is diminished if these reasons were not given at the time of the initial discharge decision." Id. at 9-10 (footnotes omitted).  The pattern demonstrated both animus or anger towards the employee for engaging in a protected activity, and [sudden]

George Jarvis (J).. Austin, esq. (TBA)  12/05/20
Austin v. Tesla, et. al. Case # 3:20-cv-00800
240 E. Channel St. #1354 Stockton, CA 95202

significant, unexplained or systematic deviations from established policies or practices, such as failing to apply a progressive discipline policy to the whistleblower.  See Bobreski v. J. Givoo Consultants, Inc., ARB No. 13-001, ALJ No. 2008-ERA-3 (ARB Aug. 29, 2014).  This pattern included singling out the whistleblower for extraordinary or unusually harsh disciplinary action.  See Overall v. TVA, ARB Nos. 98-111 and 128, slip op. at 16-17 (Apr. 30, 2001), aff'd TVA v. DOL, 59 F. App'x 732 (6th Cir. 2003).

   Further, this is to provide notice of Forthcoming Affidavits relating to liability inducing Retaliation, and Defamation Per Se published statements, and previously filed Amended Complaint already surpassing *Twombly,* and *Iqbal* standards for Judicial Review.  Defendant's Tesla, Balance Staffing, and Personnel Staffing unfortunate, published, completely false, and defamatory, statements, as well as retaliatory behaviors, causing injury, are similar to the behaviors producing **$44,000,000.00,** and **$38,300,000.00** million dollar 'false accusation' defamation per se Jury Awards in both *Gibson Bakery v. Oberlin College*, and in *Cohen v. Hansen,* respectively.   It is also very similar to the underlying causes of action, and facts, producing the **$168,000,000.00** million dollar Jury Award for analogous retaliatory, defamatory, and code violating organizational behaviors in *Chopourian v. Catholic Healthcare West* to Plaintiff's detriment.  Because this very precarious situation has been filled with deceit, retaliation, and very strange happenings, it is unclear who, if any, of the Defendant Parties, are being forthright, at all, but these defamatory statements, and subsequent retaliatory, and negative, employment actions are wrongful, and statements absolutely false.

George Jarvis (J).. Austin, esq. (TBA)  12/05/20
Austin v. Tesla, et. al. Case # 3:20-cv-00800
240 E. Channel St. #1354 Stockton, CA 95202

Plaintiff, (University of California, Berkeley Graduate (09'), Honors Student, Bay Area Housing Commissioner, Alum, NAACP National Representative, and Local Youth and College President, Alum, California Senate, Capital Fellows, Senate Fellows Top 10 out of 800+ Nationally Ranked, Alum (13'), UCLA Law, and Anderson Riordan MBA Fellows, Alum (08',13'), T-14 Law Student, as well as others), and Attorney of Record, Mr. George Jarvis (J.) Austin, esq. (TBA) has also tried repeatedly to resolve the issue outside of litigation, but no amenable option, or alternative, was provided by Defendants.   Specifically, Plaintiff exhausted pre-litigation options to try and solve the issue outside of court, avoid any unnecessary litigation, or causes of action, but Defendant employers refused, and further shut down healthy professional, proactive, communication.