George Jarvis (J).. Austin, esq. (TBA)  12/05/20
Austin v. Tesla, et. al. Case # 3:20-cv-00800
240 E. Channel St. #1354 Stockton, CA 95202

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

GEORGE J. AUSTIN, Plaintiff,

VERIFIED STOLEN WAGES, EMPLOYMENT CONTRACT, BREACH & RETALIATION NOTICE

Re: Dkt. Nos. 43, 45, 50-58

v.

TESLA., et al., Defendants.

Case No. 3:20-cv-00800

George Jarvis (J).. Austin, esq. (TBA)  12/05/20
Austin v. Tesla, et. al. Case # 3:20-cv-00800
240 E. Channel St. #1354 Stockton, CA 95202

Pursuant to Rule 26 *Duty to Disclose; General Provisions Governing Discovery,* Rule 56(c), and Rule 44 *Proving an Official Record,* Plaintiff moves to file Notice of previously filed material facts, evidence and of confirmation of stolen wages, at minimum $25,000.00, investigated by State of California Auditing and Accounting Department, and subsequent retaliation by Defendants Tesla, Personnel Staffing, and Balance Staffing.  The filings include material facts, and proof, of stolen wages, employment contract, complaints, and subsequent retaliation with "after the fact" Defamatory (per se) statements utilized as the basis for negative, and retaliatory, employment action in breach of Labor, Health and Safety Codes, as well as the labor contract itself.  This also provides notice of material facts regarding Labor violations and Intentional Interference with Economic Advantage reporting by Plaintiff, George J. Austin, and various forms of retaliation, with violations including at least $25,000.00 of Plaintiffs wages, and stock/equity awards (approx. $20,000.00-$40,000.00 awarded on average to new hires) according to reports & exhibits below, and Vice President of Tesla, awarded as early as September 2019,  and would now be valued at $250,000.00- to $500,000.00, based on growth, not including incentives, level ups, promotions, and bonuses (including Continuous Improvements, and others).

Some exhibits are included here:

> *1. Documented verification and confirmation of stolen wages via written discovery, document production and depositions, at minimum $25,000.00, investigated by the State of California Auditing and Accounting Department, and subsequent retaliation. All wages were confirmed by Defendant Employer via State of California Investigator, Accounting and Auditing Department with my name, Plaintiff, Pro Se, on checks,  and check stubs,*

2. United States Ninth Circuit District Court
Stolen Wages Notice:

George Jarvis (J).. Austin, esq. (TBA)  12/05/20
Austin v. Tesla, et. al. Case # 3:20-cv-00800
240 E. Channel St. #1354 Stockton, CA 95202

*George J. Austin, with my permanent address 2107 Montauban Ct. since 2002, with my social security number, unique check IDs, transaction and account verification and personally called by Department and they produced written discovery, document production and depositions under penalty of perjury, a felony, as to their veracity (to be provided in full during Discovery). Exhibit 19 (#1)*

*2. Comparable valuation of recent, 2013 in Sacramento, analogous cases with very similar underlying causes of action, and facts, producing a $168,000,000.00 million dollar Jury Award for analogous retaliatory, defamatory, and Labor, Health & Safety, and other code violating organizational behaviors in Chopourian v. Catholic Healthcare West to Plaintiffs Detriment by Defendants Tesla, Balance Staffing, and Personnel Staffing (to be provided in full During Discovery).  Exhibit 20 (#2)*

*3. Plaintiff due diligence, including with VP of Tesla, at the time, and material facts regarding Labor violations and Intentional Interference with Economic Advantage reporting by Plaintiff, George J. Austin, and various forms of retaliation, with violations including at least $25,000.00 of Plaintiffs wages, and stock/equity awards (approx $20,000.00-$40,000.00 awarded on average to new hires) according to reports & exhibits below, and Vice President of Tesla, awarded as early as September 2019,  and would now be valued at $250,000.00- to $500,000.00, based on growth, not including incentives, level ups, promotions, and bonuses (including Continuous Improvements, and others).  Exhibit 21 (#3)*

3. United States Ninth Circuit District Court
Stolen Wages Notice:

George Jarvis (J).. Austin, esq. (TBA)  12/05/20
Austin v. Tesla, et. al. Case # 3:20-cv-00800
240 E. Channel St. #1354 Stockton, CA 95202

Unfortunately, for Defendants, they retaliated not only to the multiple labor code complaints Plaintiff submitted to appropriate authority, but also retaliated against complaints (and potential solutions) regarding Health and Safety Code which whistleblower protections in California have some of the strongest in the U.S., and the World.  The retaliation under respective Health and Safety Code is not only triggered by complaints, suggestions, and solutions by Plaintiff, George J. Austin, Esq. (TBA). but also by workplace injury dealing with those very suggestions.  This overall pattern of events was extremely strange, by Defendants, with shifting or contradictory explanations for the adverse employment action.  See Clemmons v. Ameristar Airways, Inc., ARB No. 08-067, at 9, ALJ No. 2004-AIR-11 (ARB May 26, 2010) (footnotes omitted).  There are significant material facts, and evidence of after-the-fact explanations for the adverse employment action  including the defamatory statements themselves. "[T]he credibility of an employer's after-the-fact reasons for firing an employee is diminished if these reasons were not given at the time of the initial discharge decision." Id. at 9-10 (footnotes omitted).  The pattern demonstrated both animus or anger towards the employee for engaging in a protected activity, and [sudden] significant, unexplained or systematic deviations from established policies or practices, such as failing to apply a progressive discipline policy to the whistleblower.  See Bobreski v. J. Givoo Consultants, Inc., ARB No. 13-001, ALJ No. 2008-ERA-3 (ARB Aug. 29, 2014).  This pattern included singling out the whistleblower for extraordinary or unusually harsh disciplinary action. See Overall v. TVA, ARB Nos. 98-111 and 128, slip op. at 16-17 (Apr. 30, 2001), aff'd TVA v. DOL, 59 F. App'x 732 (6th Cir. 2003).

George Jarvis (J).. Austin, esq. (TBA)  12/05/20
Austin v. Tesla, et. al. Case # 3:20-cv-00800
240 E. Channel St. #1354 Stockton, CA 95202

      Further, this is to provide notice of Forthcoming Affidavits relating to liability inducing Retaliation, and Defamation Per Se published statements, and previously filed Amended Complaint already surpassing *Twombly,* and *Iqbal* standards for Judicial Review.  Defendant's Tesla, Balance Staffing, and Personnel Staffing unfortunate, published, completely false, and defamatory, statements, as well as retaliatory behaviors, causing injury, are similar to the behaviors producing **$44,000,000.00,** and **$38,300,000.00** million dollar 'false accusation' defamation per se Jury Awards in both *Gibson Bakery v. Oberlin College*, and in *Cohen v. Hansen,* respectively.   It is also very similar to the underlying causes of action, and facts, producing the **$168,000,000.00** million dollar Jury Award for analogous retaliatory, defamatory, and code violating organizational behaviors in *Chopourian v. Catholic Healthcare West* to Plaintiff's detriment.  Because this very precarious situation has been filled with deceit, retaliation, and very strange happenings, it is unclear who, if any, of the Defendant Parties, are being forthright, at all, but these defamatory statements, and subsequent retaliatory, and negative, employment actions are wrongful, and statements absolutely false.

      Plaintiff, (University of California, Berkeley Graduate (09'), Honors Student, Bay Area Housing Commissioner, Alum, NAACP National Representative, and Local Youth and College President, Alum, California Senate, Capital Fellows, Senate Fellows Top 10 out of 800+ Nationally Ranked, Alum (13'), UCLA Law, and Anderson Riordan MBA Fellows, Alum (08',13'), T-14 Law Student, as well as others), and Attorney of Record, Mr. George Jarvis (J.) Austin, esq. (TBA) has also tried repeatedly to resolve the issue outside of litigation, but no amenable option, or alternative, was provided by Defendants.   Specifically, Plaintiff exhausted

George Jarvis (J).. Austin, esq. (TBA)  12/05/20
Austin v. Tesla, et. al. Case # 3:20-cv-00800
240 E. Channel St. #1354 Stockton, CA 95202

pre-litigation options to try and solve the issue outside of court, avoid any unnecessary litigation, or causes of action, but Defendant employers refused, and further shut down healthy professional, proactive, communication.