Daily Labor Report®

# Prosecutors Treating 'Wage Theft' as a Crime in These States

By Chris Opfer

June 26, 2018, 3:31 AM

- Wage-and-hour enforcement has historically been the domain of government agencies, civil courts
- Perception of gaps in federal enforcement driving some criminal prosecution efforts in New York, California

When a business doesn't pay workers minimum wages or overtime, it usually risks a government investigation or private lawsuit. In some states, companies and their officers may also be looking at criminal charges that could land them behind bars.

"We prosecute companies that have institutionalized theft as a business model," Manhattan Assistant District Attorney Diana Florence said.

Prosecutors in New York and California are starting to view wage violations as an actual crime more often, as opposed to a matter for civil courts. Their approach could be a model for other states looking to beef up enforcement in an era when the federal wage-and-hour watchdog is shifting its emphasis to voluntary compliance.

Also changing the landscape are a recent U.S. Supreme Court decision that's likely to increase private arbitration and an immigration crackdown that may make some workers less likely to come forward with complaints.

"Companies take criminal cases more seriously," Rena Steinzor, a University of Maryland professor who wrote a book about corporate criminal prosecutions, told Bloomberg Law. "If you're an executive and the cops come to your door, you don't soon forget it."

Prosecutors are focusing on particular industries—such as construction, restaurants, janitorial services, garment makers, and home care providers—where they say low wages, temporary job assignments, and businesses that pop up and shut down with little notice leave workers especially vulnerable to abuse. Prosecutors are also packaging "wage theft" investigations as part of a wider look that encompasses health and safety violations, payroll tax fraud, and human trafficking.

Defense lawyers say the threat of criminal prosecution for what has largely been handled in civil courts may give prosecutors too much leverage.

"They can come in with these outrageous demands knowing that there's no basis in reality," Allan Bahn, a partner at FordHarrison in New York, told Bloomberg Law. "At times, they can hold" criminal charges "over a contractor and say, 'If you don't settle, we're going to refer you for prosecution.'"

Bahn often defends construction companies, which have become a particular target for New York prosecutors. He also represented a Papa John's franchise owner who in 2015 was sentenced to 60 days in jail and forced to pay $230,000 for minimum wage and overtime violations.

**Looking for 'Common Themes'**

Like many wage-and-hour prosecutions, the Manhattan DA's case against Parkside Construction involves a wide range of alleged offenses. The luxury building construction firm—and its two owners, a supervising foreman, and a payroll manager—are facing grand larceny, insurance fraud, false instrument, and other charges.

"If a bad actor is doing something dishonest in one area of the business, there's often a common theme of dishonesty across the board," Florence told Bloomberg Law.

The Manhattan DA, who announced the charges in May, alleges Parkside and its owners failed to pay construction workers more than $1.7 million they were entitled to by falsifying time sheets. The company also avoided $7.8 million in workers' compensation insurance premiums by mislabeling paychecks as expense reimbursements and later falsely telling state government investigators that all of its workers had been laid off, according to criminal complaints.

Scott Leemon, an attorney for Parkside, didn't immediately respond to Bloomberg Law's request for comment. A lawyer for Parkside foreman James Lyons, who is charged with three counts of felony grand larceny, said those charges are "remarkably unfair."

"As a foreman, he's out in the field with the workers," attorney Peter Tilem told Bloomberg Law. "He has no knowledge about who is getting paid what. When people complain to him about their wages, he suggests they talk to someone who can do something about it."

The case is the product of a construction task force that spans a number of state and local agencies and prosecutors' offices. The task force also recently took on Builder City Metro Corp., a local construction firm that in April pleaded guilty to fraud charges stemming from an alleged scheme to skim $95,000 from workers' paychecks.

The construction industry is particularly ripe for worker abuse, Steinzor said.

"These are often companies that are relatively small and can go out of business and reincorporate in the blink of an eye," Steinzor said. "They use a contract, not permanent, workforce in which workers are very vulnerable."

The task force launched nearly a decade ago, busting a concrete testing company and its owner guilty of faking lab results for concrete used in the World Trade Center memorial, Yankee Stadium, and LaGuardia Airport.

Investigators eventually started to incorporate wage-and-hour charges into their repertoire.

They began looking at Harco Construction in 2015 after 22-year-old worker Carlos Moncayo was killed when a trench collapsed at the site of a Restoration Hardware project in Manhattan. While searching an office of Sky Materials Corp., the excavation contractor Mocayo worked for, investigators found the company had issued a number of checks to employees that were signed back over to the company. Sky was eventually convicted of larceny and ordered to pay more than $450,000 in overdue wages to its workers.

Companies can't go to jail, but they can be convicted of crimes. Those convictions often come with hefty fines and can prevent businesses from competing for government contracts.

William Murphy, an assistant district attorney in Alameda County, Calif., said he has prosecuted some 70 "wage theft" cases during his career. Many of those cases, which often include Chinese restaurants and residential care providers, have been referred to Murphy by the federal Labor Department and the California labor commissioner's office.

"It's a widespread problem anywhere there are readily exploitable workers." Murphy told Bloomberg Law. "In low-paying jobs, you often find people who are desperate for the work and undocumented workers susceptible to threats of deportation."

**Shifting Enforcement**

The Labor Department during the Obama administration occasionally referred cases to the Justice Department and state prosecutors. Labor Solicitor Kate O'Scannlain, who was confirmed by the Senate in December, recently told Bloomberg Law she wasn't aware of any changes in that referral process.

"In our efforts to deter violations, protect workers, and level the playing field for law-abiding employers, the Wage and Hour Division (WHD) through enforcement work continues to identify potential criminal conduct and to partner with the appropriate criminal prosecutors so that we can hold violators accountable," a DOL spokesman told Bloomberg Law in an email.

The spokesman pointed to two recent cases involving obstruction-of-justice charges against business owners who allegedly gave false information to Labor Department wage-and-hour investigators. A New Hampshire business owner was sentenced to six months in prison and a New York man was recently indicted on similar charges. The department is also working with other agencies to crack down on visa abuse, he said.

Meanwhile, the DOL has beefed up efforts to help businesses voluntarily comply with employment laws since President Donald Trump took office. That includes by reviving a system for employers to self-report wage-and-hour violations and bringing back opinion letters in which businesses, workers, and unions can ask the department to weigh in on specific legal issues. Those letters can then be used as a shield in court.

The approach makes sense to Robert Boonin, an attorney in Michigan who represents businesses in employment cases.

"I think it would be very difficult to find the employer that's intentionally trying to violate the law," Boonin, who works for Dykema and is former chair of the Wage and Hour Defense Institute, told Bloomberg Law. "I think those are few and far between."

Some companies may have a hard time complying with the myriad federal, state, and local employment laws, in part because sometimes even judges don't agree on what those laws require, Boonin said.

"There are nuances just in the federal law where even the most sophisticated attorneys aren't always sure because the courts have different interpretations," Boonin said.

Terri Gerstein, the former Labor Bureau chief for the New York State attorney general's office, pointed out that criminal cases are tougher to prove than civil ones. Prosecutors have to show that businesses and owners charged with a crime intended to commit the crime. They also have to establish guilt "beyond a reasonable doubt."

Gerstein said her office weighed a number of factors in deciding whether to pursue criminal charges, including whether the business is a repeat offender and whether the case involves allegations of fraud or complete nonpayment. The overall question, Gerstein said, was: "Is there any argument that this employer didn't absolutely know that what they were doing is illegal?"

**More Cases Likely**

Gerstein recently participated in an event hosted by the Boulder, Colo., district attorney's office. It's one of several prosecutor shops across the country that has reached out to its colleagues in New York and California with interest in pursuing wage cases criminally.

"To me, it's a place where prosecutors need to lead the enforcement because we have subpoena power," Boulder District Attorney Michael Dougherty told Bloomberg Law. "I look at it the same way as I look at other types of financial fraud."

Worker advocates point to a number of factors creating an opportunity for prosecutors to get involved in wage-and-hour enforcement.

That includes a recent Supreme Court decision in which the justices said businesses can require workers to sign arbitration agreements and waive their right to class actions. That ruling makes it more expensive for workers to pursue civil wage claims, which many will likely now have to pursue individually before a private arbitrator.

"I think the current landscape for workers in our country creates a tremendous need and opportunity for city and state enforcers of all kinds to get involved," Gerstein said. "There is a growing community of prosecutors who have brought these cases and are really eager to be helpful to others who are thinking about doing this."

To contact the reporter on this story: Chris Opfer in New York at copfer@bloomberglaw.com

To contact the editors responsible for this story: Peggy Aulino at maulino@bloomberglaw.com; Terence Hyland at thyland@bloomberglaw.com

# More from Bloomberg Law

# Latest Stories in Daily Labor Report®

**Trump's EEOC Chair Circulates Rule That Would Slow Bias Suits**
The leader of the U.S. workplace anti-discrimination agency is pursuing a policy shift that could slow litigation against companies long after President-Elect Joe Biden takes office.

**Boies Schiller Elects Managing Partners in Latest Shuffle (1)**
Boies Schiller Flexner has named a new leadership group, including three new managing partners and two new executive committee members.

**Trump Signs One-Week Spending Bill, Averting Government Shutdown**
President Donald Trump signed a one-week stopgap spending bill Friday, ahead of a midnight deadline to avert a federal government shutdown.

© 2020 The Bureau of National Affairs, Inc.   All Rights Reserved