George Jarvis (J).. Austin, esq. (TBA)  09/16/20
Austin v. TESLA, et al., Case No. 3:20-cv-00800
240 E. Channel St. #1354 Stockton, CA 95202
2107 Montauban Ct. Stockton, CA 95210

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

GEORGE J. AUSTIN, Plaintiff,　　　　　　AFFIDAVIT

　　　　　　　　　　　　　　　　　　　　Re: Dkt. Nos. 67

v.

TESLA., et al., Defendants.

Case No. 3:20 cv 00800

1. United States Ninth Circuit District Court
Acknowledgement of Minutes, and Follow Up:

George Jarvis (J).. Austin, esq. (TBA)  09/16/20
Austin v. TESLA, et al., Case No. 3:20-cv-00800
240 E. Channel St. #1354 Stockton, CA 95202
2107 Montauban Ct. Stockton, CA 95210

      Pursuant to the Honorable Judge Chen's Hearing Plaintiff Acknowledges the filed Minutes, on that hearing.  In accord with Defense Counsel Milano's request for additional documentation, and pre-discovery proof, at the hearing, Plaintiff has attached, here as an exhibit, State of California Auditing and Accounting Investigator redacted validated wages under the penalty of perjury, with Defendant Employers, and financial institutions, Plaintiff wages for Q3 & Q4, with wages in Q4 totaling above the maximum benefit threshold of $28,145.01 (for months October through December) triggering Plaintiff's current maximum benefit amount of $1,300 weekly.  Plaintiff shall also submit the redacted individual Defendant pay receipts as well which correspond with the information presented here which all serve to substantiate the underlying Labor Code violations (underpayment of at least the specific amount of $25,000.00, as half of the verified wages from Plaintiff were stolen, and not yet re-issued to Plaintiff, though he requested), and partial basis for retaliation (after written complaints submitted to appropriate authority)  including subsequent 'after the fact' Defendant's baseless, 'false accusation' of recording a manager in violation of Penal Code.  The wage complaints led up to, and happened only a couple days before the crystalized retaliatory behavior resulting in negative employment action.   Under Rule 26 *Duty to Disclose; General Provisions Governing Discovery,* Rule 56(c), and Rule 44 *Proving an Official Record* Plaintiff shall file a series of pre-discovery disclosures to correspond with the minutes, and the detailed response (with highlighted material facts, further matching the highlighted facts to precedent, and with increased 'specificity').