George Jarvis (J).. Austin, esq. (TBA)  12/26/20
Austin v. TESLA, et al., Case No. 3:20-cv-00800
240 E. Channel St. #1354 Stockton, CA 95202
2107 Montauban Ct. Stockton, CA 95210

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

GEORGE J. AUSTIN, Plaintiff,    AFFIDAVIT

Re: Dkt. Nos. 67

v.

TESLA., et al., Defendants.

Case No. 3:20 cv 00800

1. United States Ninth Circuit District Court
Acknowledgement of Minutes, and Follow Up:

George Jarvis (J).. Austin, esq. (TBA)  12/26/20
Austin v. TESLA, et al., Case No. 3:20-cv-00800
240 E. Channel St. #1354 Stockton, CA 95202
2107 Montauban Ct. Stockton, CA 95210

Pursuant to the Honorable Judge Chen's Hearing Plaintiff Acknowledges the filed Minutes, on that hearing.  In accord with the conversation at hearing, a. The definition of Defamation which both meets the standard of pleading and b. destroys qualified privilege including Defendants behavior, and words, which in fact evidenced malice, and a reckless disregard for the truth (preemptively, before any affirmative Defense of Qualified Immunity by Defendant counsel was asserted).   Defendant's conduct evidenced both privilege destroying qualifications in multiple ways:

   a. Defendant's had more than reason to disbelieve any "false accusation," let alone this specific one which Defendant's themselves had been sued for, and lost in court for spying on employees, and other labor code violations (i.e. hypocritically, the pot calling the kettle black).

   b. Defendant's actions affirmatively stated, and reiterated, a disbelief in the "false accusation" evidenced by Tesla's HR Officer's conduct, and words, and employee's recognition, recommendation for promotion, positive feedback, and affirmative assurance that Defendant's Labor Code, and Health Code, Safety violations would be corrected (according to HR Officer the sole reasons, outside of promotion discussion, for meeting, as Plaintiff initiated contact)

   c. Defendant's took no action to verify the information, or conduct any investigation into the matter, even when Plaintiff affirmatively offered so Defendant's could avoid expensive liability, especially given HR Officer when meeting with Plaintiff for purpose of promotion, correcting labor code violations (underpayment - which

George Jarvis (J).. Austin, esq. (TBA)  12/26/20
Austin v. TESLA, et al., Case No. 3:20-cv-00800
240 E. Channel St. #1354 Stockton, CA 95202
2107 Montauban Ct. Stockton, CA 95210

    have since been investigated by State of California, Auditing, and Accounting Departments, and proven true for a minimum of approx $25,000.00 converted/stolen Plaintiff funds), and Health and Safe Code violations (injury, production floor violations, reporting of still not-received worker's compensation, etc.), and other company issues was assured multiple times that there was in no way any disciplinary issues (on my end), nor any problems, the meeting, and any subsequent follow up, was only to address those three points (on Plaintiff's behalf, and further given timing, context, and manner in which Defendant's behaved it is reasonable to infer retaliatory motive (malice), in defamatory statements, also)

d. Defendants evidence a complete disregard for truth, and malice, as not only was there no effort to investigate the matter, no questions asked, no progressive discipline even attempted, no proof to substantiate, or to suggest the false accusation is true, but worse was used as basis, and "after the fact" justification for negative, and retaliatory, employment action in complete contrast to employee's record, positive feedback, purpose for meeting, all statements by Tesla's HR Officers and any reasonable inference given the facts.   There was all the reason to "not believe the false accusation" by Defendants, and worse no attempt, and a complete disregard for truth even when Plaintiff offered, and went out of way to help them avoid legal liability due to false accusation.

This specific filing includes an exhibit highlighting a commonly accepted legal principle, from AllLaw "If the statement was made maliciously -- i.e., if the plaintiff can show that it was not made

George Jarvis (J).. Austin, esq. (TBA)  12/26/20
Austin v. TESLA, et al., Case No. 3:20-cv-00800
240 E. Channel St. #1354 Stockton, CA 95202
2107 Montauban Ct. Stockton, CA 95210

with a reasonable purpose or with reasonable cause, or that the speaker made the statement knowing it was false, or with a reckless disregard for the truth -- it will not be protected by a qualified privilege."  These facts, and the pattern of Defendant conduct not only meet the pleading standard for Defamation in the workplace (i.e. false accusation of criminal conduct) but worse evidence malice, and complete disregard for truth under Ninth Circuit, and other Jurisdictions, precedent.  Malice, in turn, may be established by showing that a speaker had "no reasonable grounds for believing his statements to be true." SDV/ACCI Inc. v. AT&T Corp., 522 F.3d 955, 962 (9th Cir. 2008) (quotation omitted). Malice may be inferred where the speaker acts with "reckless disregard for [the] truth" of the statement (Which Defendant's by their own explicit statements, and contradictory conduct, absolutely did).    McGrory v. Applied Signal Technology, Inc., 212 Cal. App. 4th 1510, 1539 n.18 (2013) (noting distinction between statutory and constitutional definitions of malice); Taus v. Loftus, 40 Cal. 4th 683, 721 (2007) ("The malice necessary to defeat a qualified privilege is 'actual malice' which is established by a showing that [ ] the defendant lacked reasonable ground for belief in the truth of the publication and therefore acted in reckless disregard of the plaintiff's rights.").   Proof of a party's lack of belief in the truth of an assertion (as evidenced here in multiple ways) and its recklessness may be inferred by "accumulation and appropriate inferences"; that is, from the facts and circumstances known to the reporting party and when combined with a "failure to conduct a thorough and objective investigation,"  becomes even stronger evidence of Defendant's recknesses, and malice. See Fisher v. Larsen, 138 Cal. App. 3d 627, 640 (1982); Heineke v. Santa Clara University, 2017 WL 6026248 (N.D. Cal. 2017). Reader's Digest Assoc. v. Superior Court, 37 Cal. 3d 244, 258 (1984). Moreover, When a party does possess reason to doubt the truth of an anticipated statement, a

George Jarvis (J).. Austin, esq. (TBA)  12/26/20
Austin v. TESLA, et al., Case No. 3:20-cv-00800
240 E. Channel St. #1354 Stockton, CA 95202
2107 Montauban Ct. Stockton, CA 95210

reasonable jury "could find [that party] acted recklessly by not further investigating" the story. Aghmane v. Bank of America. N.A., 696 F. App'x 175, 177-78 (9th Cir. 2017).5  Ellis v. Dun & Bradstreet, No. CV 18-10077 MRW, 2019 WL 8017821, at *3–4 (C.D. Cal. Nov. 20, 2019)  Taus v. Loftus (2007) 40 C.4th 683, 721.  Under Rule 26 *Duty to Disclose; General Provisions Governing Discovery,* Rule 56(c), and Rule 44 *Proving an Official Record* Plaintiff shall file a series of pre-discovery disclosures to correspond with the minutes, and the detailed response (with highlighted material facts, further matching the highlighted facts to precedent, and with increased 'specificity').