By using this site, you agree with our use of cookies.   More Information   Privacy Policy

Home  >  Legal Information  >  Personal Injury  >  Defamation

# The "Privilege" Defense in a Defamation Case

In some cases, the person making a defamatory statement may be protected from a civil claim because they had a "right" to make the statement.

Defamation lawsuits involve false statements of fact that cause injury to the person being talked about. Because a statement must be false before it can constitute defamation of character, the truth of the statement is an absolute bar to a defamation claim. However, truth is not the only defense available to someone who is being sued for defamation.

One of the key defenses raised by people accused of making defamatory statements is that the statements were privileged. This means that they were made in a context that is generally deserving of protection (for policy reasons), and if the privilege is successfully proven, it will effectively end the defamation claim.

Let's take a closer look at the two main types of privilege when it comes to defamation claims: absolute privilege and qualified privilege.

## Absolute Privilege and Defamation Claims

If a statement is absolutely privileged, it cannot be made the [basis for a defamation claim](#). For instance, if a person is offering testimony as a witness in court, and gives damaging testimony about someone else -- such as that the person lied or cheated -- those statements will be protected from civil liability for defamation. This is because the government wants to encourage people to testify openly and honestly. Witnesses in court are under oath to tell the truth, which lends extra credence to most statements made as evidence in a trial. It is up to the jury to decide whether or not to believe the testimony, but the testimony itself is not considered defamatory no matter how malicious it may be. The same generally is true for statements made by lawyers and judges while in court, and for government officials' statements made while in session.

## Qualified Privilege in Defamation Cases

Qualified privileges are slightly more complicated. A qualified privilege may apply to subject matter that is of public concern or is of sufficient importance that communicating freely is critical. For example, a newspaper reporter may claim a qualified privilege for reporting on official government business. The policy behind the privilege is that openness and transparency is desirable when it comes to issues of public importance, and the media should not be hindered from reporting on or discussing such issues (i.e. by looking over their shoulder for a potential defamation lawsuit).

**Criminal activity.**  For example, arrest records are usually reprinted in the newspaper, and articles are routinely written about local criminal cases. And because of the significant public concerns wrapped up in this kind of information, such reporting (if done fairly and accurately and with verifiable sources) is privileged.

**Employment information.**  Another context in which qualified privilege arises would be the employment setting. For example, if a former employer is asked about you by a potential employer, or a worker's compensation carrier, he or she may claim a qualified privilege if the information they are asked to relay is less than positive. While this is beyond the arena of "public concern," there is still a policy in play here that wants to encourage the speaker to provide a complete and accurate picture of the information being sought.

## Claiming Qualified Privilege

To successfully claim a qualified privilege, in many jurisdictions, the speaker must have made the statement in an appropriate situation (i.e., newspaper coverage or reference request), for a reasonable purpose (i.e., providing fair and accurate information), and with reasonable cause (i.e., based on knowledge gained from investigative journalism or from working with the person).

==If the statement was made maliciously -- i.e., if the plaintiff can show that it was not made with a reasonable purpose or with reasonable cause, or that the speaker made the statement knowing it was false, or with a reckless disregard for the truth  -- it will not be protected by a qualified privilege.==

| Company Information | Products & Services | Lawyer Directory |
|---|---|---|
| About Nolo | Books & Software | Grow Your Practice |
| Careers | New Arrivals & Coupons | Find a Lawyer |
| Press Room | Bestsellers | Lawyers by Location |
| Blog | Legal Updates | Tips on Hiring Lawyers |
| Contact Us | | |
| Customer Service | | |
| Tech Support | | |

Meet The Editors

**Free Legal Information**

Articles & FAQs

Legal Updates

Calculators

Law Blogs

Lawyer Directory

Legal Research

Newest Articles

**Sales**

Affiliates

Library

Trade

Copyright ©2020 MH Sub I, LLC dba Nolo ® Self-help services may not be permitted in all states. The information provided on this site is not legal advice, does not constitute a lawyer referral service, and no attorney-client or confidential relationship is or will be formed by use of the site. The attorney listings on this site are paid attorney advertising. In some states, the information on this website may be considered a lawyer referral service. Please reference the Terms of Use and the Supplemental Terms for specific information related to your state. Your use of this website constitutes acceptance of the Terms of Use, Supplemental Terms, Privacy Policy and Cookie Policy. Do Not Sell My Personal Information